*New-London,*
*July, 1841.*
*Kellogg*
*v.*
*Denslow.*

| 14 | 431 |
| 59 | 495 |

| 14 | 431 |
| 71 | 707 |

| 14 | 431 |
| 73 | 153 |

### Green *against* Barker and others.

The only object of a replevin bond, given by one not a party to the suit, who claims to be the owner of the property attached, is, to place the attaching creditor in as good a condition as he would have been, if the property had not been replevied; and any event which divests the attaching officer of the power of holding the property upon the attachment, equally divests the attaching creditor of the right to claim it by virtue of the bond.

*Windham,*
*July, 1841.*

Green
*v.*
Barker.

Therefore, where the original debtor died, after the property was attached and replevied, but before judgment was rendered in the suit; it was held, in an action, brought by the creditor, on the replevin bond, that the lien created by the attachment, was, by such debtor's death, dissolved; and the creditor, having no further claim on the property, for any purpose, could not recover.

And it made no difference, in such case, that the replevin suit had been withdrawn, and judgment thereupon in fact rendered for the return of the property; for the judgment *de retorno habendo* cannot be enforced until after judgment in the suit in which the property was attached; and this being prevented, by the debtor's death, the first-mentioned judgment became inoperative.

THIS was an action against *James W. Barker*, *Horatio W. Paine* and *Otis M. Dorrance*, on a replevin bond given by them to the plaintiff. From the declaration and subsequent pleadings, terminating in demurrers, the following facts appeared.

The plaintiff, in several suits in his name against *Norman Graves*, attached a quantity of leather, by writs issued and served on the 1st day of *April*, 1837, returnable to the county court of *Windham* county, on the second *Tuesday* of *August*, 1837. The suits were continued to the term of that court on the second *Tuesday* of *December*, 1838. Prior to this term, *Norman Graves* died; and his administrator, *Franklin Nichols*, entered his name as defendant, and then suffered judgment by default, for 726 dollars, 77 cents, including damages and costs, for which executions were issued. These executions were delivered to the sheriff, who, after making demand on the administrator of *Graves*, and on the defendants in this suit, and having searched for property on which to levy, returned them unsatisfied.

The suit in which this replevin bond was given, was an action of trespass, in the name of said *J. W. Barker* and *George Weeden*, who claimed the goods attached as their property; which action was commenced on the 19th of *April*, 1837; and such goods were thereby taken out of the hands of the plaintiff's officer, *Joseph Perrin*, a constable. At the term of the superior court held on the 1st *Tuesday* of *October*, 1838, a non-suit was suffered, and judgment rendered against said *Barker* and *Weeden* for costs. An application was subsequently made to the superior court, at its session in *October*, 1840, for an amendment of the record of that judgment; and it was thereupon amended, in such manner, that

as now recorded, judgment is rendered not only for costs, but that the attached property be returned to the said constable, to be held under said attachments, and on failure thereof, said *Barker* and *Weeden* pay its value to said *Green,* or the amount of the sums recovered in said several suits.

It also appeared from the record, that while the replevin suit was pending in the county court, upon motion of the defendants, *Daniel C. Robinson* was accepted, by the court, as surety, in the place and stead of said *Paine* and *Dorrance,* two of the defendants, who were thereupon discharged from their recognizance.

The case was reserved for the advice of this court as to what judgment ought to be rendered.

*Larned,* for the plaintiff, contended, 1. That the county court had no right by law to admit, on motion, a substitute for the bond taken by the judge on issuing the writ of replevin, and could not discharge the original obligors from their liability.

2. That the judgment of the superior court against *Barker* and *Weeden,* the plaintiffs in replevin, is a good and valid judgment for all the purposes of this suit; and, if it may be enquired into, the proceedings had in relation to the amendment of the record, were conformable to law. *Waldo &* al. v. *Spencer,* 4 *Conn. Rep.* 71. *Merriam* v. *Langdon &* al. 10 *Conn. Rep.* 461.

3. That such judgment not having been complied with, the replevin bond has become absolutely forfeited, and the plaintiff is entitled to recover the value of the property replevied, or the amount of his judgments against the original debtor.

4. That the replevisor having failed to make out a title to the property replevied, the death of *Norman Graves,* the original debtor, does not vacate the replevin bond, nor nullify the judgment of the superior court.

5. That the replevisor having no right to retain the property replevied, the only mode to compel a restitution, is, by enforcing the replevin bond.

*Strong,* contra, contended, 1. That *Paine* and *Dorrance* had been lawfully discharged from their recognizance; and consequently, were not liable to be sued in this action. The

*Windham,*
*July, 1841.*

*Green*
*v.*
*Barker.*

power of changing the sureties is one necessarily incident to the general powers of the court. The purposes of justice require it; as where the original sureties become insolvent, or are wanted as witnesses. The exercise of this power is of daily occurrence, in cases of special bail, and bonds for prosecution and on appeals. *Irwin* v. *Caryell,* 8 *Johns. Rep.* 407. *Tompkins* v. *Curtis,* 3 *Cowen* 251.

2. That if the plaintiff has the right party defendants here, still he cannot recover; the death of *Graves,* the original debtor, having dissolved the lien by the attachments. In the first place, the *plaintiff* has obviously no longer any interest or claim upon the property attached and replevied. Secondly, the *officer* who attached the property, has none. It has been taken out of his hands, by virtue of a lawful precept. His rights and his liability in relation to it, are at an end. Thirdly, as no further legitimate object is to be attained, by enforcing the replevin bond, the law will not enforce it.

3. That that part of the judgment of the superior court introduced by the amendment, is invalid; as the court had no power to go back and rectify the records of a preceding term.

SHERMAN, J. The object of a replevin bond, given by one not party to the suit, who claims to be the owner of the property attached, is, to place the attaching creditor in as good a condition as he would have been, if his officer had continued in possession of the property. It is a security substituted for that which is taken away by the replevin. This is its only object. The plaintiff's officer holds the property by virtue of the attachment, for no purpose but to apply it upon the execution, in payment of the judgment which may be recovered, and the costs arising on the levy of the execution. The condition of the bond, as prescribed by the statute, is, " to redeliver the goods and chattels so that they may be forthcoming to be taken *by an execution* that may be granted in the suit on which they were attached, and on failure thereof, to pay the debt or damage that may be recovered in such suit." Any event which divests the attaching officer of the power of holding them upon the attachment, equally divests the plaintiff of the right to claim them, by virtue of the bond. If, therefore, the action in which they are attached, is withdrawn or discontinued, the bond thereby becomes inoperative.

In the declaration and in the plea of the defendants, it is alleged, that *Norman Graves* died before the rendition of judgment in the several causes in which this property was attached. By that event, the lien of the plaintiff would have ceased, if the property had remained in the possession of the constable. Upon the death of *Graves*, the whole of his personal estate became vested in his administrator, under a special trust, to be appropriated, after payment of funeral and other expenses, and the debts due the state, to all the creditors in equal proportion, and the surplus, if any, to the relatives of the deceased. Conventional liens, such as mortgages, pawns &c. are not affected, by the death of the debtor; but all liens by attachment are immediately dissolved. The administrator, after ascertaining the amount of the property, may exercise his discretion as to representing the estate insolvent. If he so represents it, the statute enacts, that a judgment creditor shall receive his average or proportion with the other creditors. That is ascertained by the court of probate. If there be no representation of insolvency, execution may issue against the goods or estate of the deceased in the hands of the administrator. He has it all; and the creditors and others interested are secured, by the bonds which he has given for the faithful discharge of his trust. If he fails to pay, upon demand made on an execution issued against the estate in his hands, or to turn out such estate to the officer, execution may be had against him *de bonis propriis*, on due process, unless he shews sufficient cause against it. Therefore, if the estate is insolvent, the property cannot be sold to pay the attaching creditor, because such appropriation would defeat the average; and if the estate is not insolvent, the lien by attachment is unnecessary, because ample security is provided by the bonds of the administrator.

Such being the law of this state, as expounded by long cotemporaneous usage, there can be no claim upon this bond, by the present plaintiff. The lien by virtue of the attachments, was dissolved, by the death of *Norman Graves*. Had the leather, then, been in the hands of the constable, it would at once have become the property of the administrator, and must have been delivered to him, if justly attached, as the property of the deceased debtor. By the replevin, the constable was absolved from all accountability to the adminis-

*Windham,*
*July, 1841.*

Green
*v.*
Barker.

*Windham,*
*July, 1841.*

*Green*
*v.*
*Barker.*

trator, because the property was taken from him, by legal coercion. The plaintiff, therefore, could not claim the property for any purpose, after the death of *Norman Graves.*

But it is said, that the replevin suit has been withdrawn, and judgment thereupon actually rendered for the return of the property. That this judgment was before the debtor's death, is to be presumed, as it could not be lawfully rendered afterwards; nor is there any issuable averment that it was after his death. Such a judgment rendered before the debtor's death, becomes inoperative, by the happening of that event. The goods are to be forthcoming to be taken on execution. On failure of redelivery pursuant to the judgment, the plaintiff in replevin is only to pay the debt or damages, and costs. The amount to be paid may not equal the hundredth part of the value of the goods. The judgment *de retorno habendo* cannot be enforced until after judgment in the suit in which the property was attached; for until then, the duty which it imposes is unknown, and, consequently, its performance is impossible. The judgment is conditional. If the property is redelivered to the officer, so as to be forthcoming on the execution, it is a compliance. But if, in any event, execution upon which the property can be taken, never issues; as in case of non-suit, discontinuance, payment, the debtor's death, or judgment in his favour; the judgment *de retorno* becomes inoperative, and by its own conditions, does not require the redelivery of the property. Had the plaintiff in this case sought relief by the more appropriate remedy of a *scire-facias* on that judgment, against the present defendants, the death of *Graves* before any judgment was rendered in the suits against him, as it dissolved the attachments, might be pleaded in bar of a recovery.

It is not necessary to decide other points in the case, as they cannot vary the conclusion to which we have arrived.

We advise that judgment be rendered for the defendants.

In this opinion the other Judges concurred, except CHURCH, J., who was not present.

Judgment for the defendants.