A. B. RAGAN, assignee, plaintiff in error, vs. R. R. CUYLER, administrator &c., defendant in error.

[1.] A judgment reversing another being itself reversed, the first judgment is reinstated, and will be considered final, after the lapse of ten years, notwithstanding at the instance of the defendant, it is remanded for further proceedings, none having been instituted within that time.

[2.] Where the Court either foreign or domestic, has jurisdiction over the subject matter of the action, and of the person of the defendant, and the defendant is served and appears by counsel and pleads to the merits of the suit, the judgment will not be set aside because the verdict upon which it is rendered, is contrary to evidence.

Debt, upon foreign judgment, from Muscogee county, tried before Judge WORRILL, at May Term, 1857.

The facts of this case, are sufficiently stated in the opinion of the Court.

The Jury, under the evidence and charge of the Court, found for the plaintiff, and defendant moved for a new trial, on the following grounds.

1st. That the Court erred in not charging the jury that the verdict and judgment rendered in the county Court of Alabama, were void and of no legal effect, because they were rendered after the judgment of forfeiture had been rendered against said Planters and Mechanics Bank of Columbus, and without any party defendant being made in said case.

2d. Because the Court erred in charging the jury that the verdict and judgment rendered in said County Court of Alabama was proper and competent evidence to be considered by the jury to establish the plaintiff's demand against the Planters and Mechanics Bank, although the verdict and judgment against said Bank, in said County Court, were rendered after the rendition of the judgment of forfeiture against said Bank in Muscogee Superior Court, without making any party defendant in said case.

3d. Because the paper offered in evidence by plaintiffs purporting to be a record of a suit in Russell County Court of Alabama, (and to the reading of which in evidence, defendant objected, 1st, that it was not duly and legally authenticated according to the act of Congress, and 2d, that it did not appear in said record that said suit had been terminated and final judgment rendered,) was permitted to be read in evidence to the jury.

4th. Because the jury found contrary to the law, the evidence, and the equity of the case.

The Court overruled the motion for a new trial, on all the grounds taken, and to this decision the defendant then and there excepted.

HALL; JONES & JONES; and WELLBORN, JOHNSON & SLOAN for the plaintiff in error.

COOPER; and DOUGHERTY, *contra.*

Judge BENNING, having been formerly of counsel in this case, did not preside.

*By the Court.*—LUMPKIN J. delivering the opinion.

James Holford the intestate of Cuyler, sued out an attachment in Russell county, Alabama, against the Planters and Mechanics Bank, of Columbus Georgia, which was duly served and made returnable to the February Term, 1843, of the County Court. At that Term, there was an appearance for the Bank, by their Attorneys, Jones and Benning; and amongst other things it was pleaded, that there was no such corporation, as the defendant; at the next Term, in August, an issue was formed and tried upon this plea, and a verdict found for the plaintiff; and a judgment entered up for their debt. An execution issued, and other proceedings were had to enforce the judgment.

In 1847 Robert B. Alexander the assignee of the Bank, appeared and petitioned the Court, that rendered the judgment, to set it aside, upon the ground that the charter of the Bank had been revoked in June 1843 by the Superior Court of Muscogee county in this State, two months before the judgment was awarded against the Bank in Alabama. An issue was formed upon this petition, and the prior judgment was vacated and set aside; upon this decision, a writ of error, was prosecuted to the Supreme Court of Alabama ; and at the June Term, 1847, it was adjudged by said Court, that upon a writ of error *coram vobis,* error cannot be assigned, which contradicts the record. That it could not be alleged, that a corporation, against which a judgment had been rendered, had ceased to exist previous to the rendition of the judgment, *that fact having been put in issue and determined in the judgment sought to be reversed.* 12 *Ala. Rep. N. S.* 28.

Accordingly the last judgment of the circuit Court was

reversed and at the desire of the defendant was remanded for further proceedings.

Suit is now brought upon the first Alabama judgment, against Ragan the present assignee of the Planters and Mechanics Bank, and successor to Judge Alexander, by R. R. Cuyier the administrator of Holford ; the exemplification of the record from Alabama being offered in evidence, in support of the action, it is objected to by the defendant on the ground, that it does not show a *final* judgment in Alabama.

[1.] The second judgment reversing the first, being itself reversed, of course reinstates the first. True at the instance of the Bank or its assignee, the cause was remanded for further proceedings; that is to say, by him, should he see fit to institute any. And the Alabama Court, it is suggested intimated that some other remedy might be adopted. We do not so understand the remark made by the Judge who pronounced the opinion. He intended to say, we apprehend, that Alexander as assignee could not be affected as such, by a judgment rendered against the Bank. But be this as it may, some ten years transpired and no further steps were taken in the cause. We are bound to presume that the defendant abandoned his intention, if he ever had any, to litigate further relative to the county Court judgment. We hold therefore that the Alabama judgment was final, and the exemplification admissible to prove the judgment.

[2.] The only other question grows out of the charge of the Court and its refusal to charge as requested, as to the force and effect of the Alabama judgment. Could the Court below go back of that judgment and inquire whether or not it was not contrary to evidence ? For such is the substance of the request.

That Courts may do this, in some cases is not denied. (See *Borden vs· Fitch,* 15 *Johns Rep.* 121, where this whole doctrine is fully discussed.) But here the Court in Alabama had jurisdiction, both of the subject matter of the action and of the person of the defendant. The defendant had due and

Ryan vs. Cuyler.

legal notice of the proceeding, appeared by attorney and put in issue the very fact which is now relied on to destroy the force and effect of the judgment, namely ; the corporate existence of the Bank at the time of the rendition of the judgment

To allow this would be to bring about a collision between the Courts, not only of the different States, but of the same State which would be deplorable. Judgments would be of no binding efficacy whatever. It is asked with apparent triumph, how could the civil death of the corporation be plead in February, 1843, when the judgment upon the *quo warranto*, was not rendered against the corporation until June thereafter? It is easy we apprehend to explain this apparent anachronism. The death of a natural person, could not be anticipated but the information against this artificial person had been filed, and it was foreseen, that in the due course of events, final judgment would be rendered before the trial in August, of the case in Alabama. Hence instead of waiting and pleading *puis darïen continuance* as the defendant might have done, the defence was made in advance, and the plaintiff, as the record shows, instead of demurring, took issue upon the plea and fact as to the existence of the corporation in August 1843, notwithstanding the judgment of ouster in June before, was found against the defendant, and all that can be alleged against it now is that the verdict and judgment were contrary to evidence. But that is no ground for vacating the judgment, and my colleague with all the facts before him would have found against the plea, believing as he does, that the corporate existence of the Bank, was not annulled until the franchises granted by its charter were actually seized by the State. Upon that subject I have formed no opinion.

Judgment affirmed.