MYRTIE S. WILCOX vs. THE CONTINENTAL LIFE INSURANCE COMPANY.

Hartford Dist., May T., 1888. PARK, C. J., CARPENTER, PARDEE, LOOMIS and BEARDSLEY, Js.

Receivers were appointed for an insolvent life insurance company, and a decree of court was passed, under a statute authorizing it, vesting in them the property of the company and annulling its charter. A suit was pending at the time against the company in which its property had been attached. Held that the dissolution of the company abated the suit and destroyed the attachment lien.

Receivers of corporations are authorized by statute to bring suits in their own names, or in the names of the corporations, to defend all suits brought against either, and to do in their own names, or in the names of the corporations, all things necessary or proper in the execution of their trusts. Held not to be a legislative recognition of the capacity of such corporations to sue and be sued after a decree annulling their charters.

[Argued May 2d—decided September 21st, 1888.]

ACTION upon a policy of life insurance; brought to the Superior Court in Hartford County. The suit was brought on the 22d day of August, 1887, and certain stock owned by the defendant company was attached upon the writ. On the 23d day of November, 1887, receivers of the company were appointed by a judge of the Supreme Court of Errors, upon the petition of the insurance commissioner of the state, brought on the 30th day of November, 1887, and by legal decree the charter of the company was annulled. The receivers entered in the case and filed a plea setting up the dissolution of the company, and praying that the suit be dismissed. To this plea the plaintiff demurred, and the case was reserved upon the pleadings for the advice of this court. The case is fully stated in the opinion.

*G. G. Sill* and *E. H. Hyde, Jr.,* for the plaintiff.

1. It is clear that the mere appointment of receivers of a corporation, unaccompanied by a decree declaring the corporation dissolved or its charter forfeited, does not dissolve attachment liens or affect pending suits. Beach on Receivers, §§ 406, 412; *Hubbard* v. *Hamilton Bank*, 7 Met., 340. But it will be claimed in this case that, as the decree appointing the receivers in terms annulled the charter of the corporation, it thereby became extinct, and that therefore all pending suits, either for or against it, necessarily abated; and it must be conceded that there are some cases which tend to sustain this claim. These cases are based entirely upon the supposed analogy between the civil death of a corporation and the actual death of an individual, which analogy we submit is not a true one. There is a wide distinction in their practical

effect upon property rights. Upon the death of an individual there is an entire change in respect to the title of his estate. It descends to his heirs or devisees, subject only to the payment of his debts; while, on the other hand, a corporation has no heirs, and upon its dissolution the beneficial title to its property practically remains unchanged, and is held, first, for the payment of the corporate debts, and second, for distribution among the persons who composed the corporation itself. Upon the death of an individual new parties are brought into relation with his creditors, but upon the dissolution of a corporation the parties interested in the disposition of its assets remain identically the same as they were. And it is submitted that no harm can be done in allowing proceedings which have been instituted before the dissolution of the corporation for the adjustment of claims against it, to be proceeded with to a final determination. Again, many of the decisions which will be relied upon by the counsel for the receivers were made in jurisdictions where the lien created by an attachment on mesne process, if allowed at all, is quite different in its nature and effect from the attachment lien recognized in this state. The lien created by attachment here resembles quite closely the lien created by the levy of an execution after judgment in many other states, and has been protected by our courts to the fullest extent. *Lyon* v. *Sanford*, 5 Conn., 544; *Carter* v. *Champion*, 8 id., 559; *Davenport* v. *Lacon*, 17 id., 278; *Camp* v. *Bates*, 11 id., 51; and in *Bramhall* v. *Flood*, 41 Conn., 68, speaking of the lien created by an attachment, PARK, C. J., says:—" He had a lien on the property by the attachment to secure his claim. His position is similar to what it, would have been if he had taken a mortgage of the property at that time to secure the same debt." In *Hubbard* v. *Hamilton Bank*, 7 Met., 340, the Supreme Court of Massachusetts considered at length " the nature and effect of an attachment on mesne process, and to what extent such attachment constitutes a lien or incumbrance," and said:—" We are satisfied that, under the laws of Massachusetts, an attachment is a lien or incumbrance upon the property attached.

It fastens itself upon the property, and whoever takes the property takes it *cum onere.* The only distinction to be taken between the cases of lien by attachment and lien by judgment is, that in the latter the debt is ascertained and fixed; the party has proceeded one step farther in the series' of acts necessary to give effect to his lien." In this case the application of the receivers of the Phœnix Bank to dissolve attachments made by the defendant bank before their appointment, was denied. See also Beach on Receivers, §§ 202, 203.

2. This leads us to consider the effect of the decree relied upon to dissolve these liens, and whether the legislature or the court intended the utter and absolute annihilation of the defendant corporation, or whether they intended to leave it enough of life so that for certain purposes things which would otherwise fail of accomplishment might be done in its name. The proceedings in which this decree was made are based on § 2869 of Gen. Statutes, and in § 1322 the powers given to the receivers, so far as they concern the question at issue, are as follows:—" Receivers of a corporation, appointed by judicial authority, shall have the right to the possession of all its bonds, papers and property, and power in their own names, or in its name, to commence and prosecute suits for and on behalf of said corporation; to defend all suits brought against it or them; to demand and receive all evidences of debt and property belonging to it,· and to do and execute in its name, or in their names as said receivers, all other acts and things which shall be necessary or proper in the execution of their trust; and shall have all the powers for any of said purposes possessed by said corporation." The receivers were given power by the decree " in their own name as receivers, or in the name of said insurance company, to institute, continue, maintain and defend all actions at law or in equity, relating to such company, its assets and business, whether now pending or not." It is evident, then, that the legislature in providing for, and the court in decreeing the annulment of the charter, did not design to take all the life of the corporation, but to leave it with strength enough to

stand in court in its own name as a party plaintiff in any suit which the receivers might see fit, under the direction of the court, to institute. The provision giving the receivers authority to continue, maintain and defend all actions " *whether now pending or not*," clearly indicates that the court did not intend to abate such actions by the decree. The object in annulling the charter was obviously to prevent the bringing of future suits which could affect the property in the custody of the court or embarrass the receivers in the execution of their trust, and not to disturb in any way the existing rights of creditors or the lien which they had previously acquired. The court had the power to decree the dissolution of the corporation and the annulment of its charter, and at the same time to leave it enough of life so that the pending suits in which it was interested, either as plaintiff or defendant, could be sustained and prosecuted to a final determination. *Life Asso. of America* v. *Fassett*, 102 Ill., 315; *Hunt* v. *Columbian Ins. Co.*, 55 Maine, 290 ; *In re Independent Ins. Co.*, 1 Holmes, 103. In *Lycoming Fire Ins. Co.* v. *Langley*, 62 Maryl., 196, a suit in the name of the corporation was sustained where, on a dissolution of the corporation, a receiver was appointed " with power to prosecute and defend suits in the name of the corporation," the court holding that the corporation was in existence for that purpose and for that purpose only. In *Matter of Waterbury*, 8 Paige, 380, it was held that where a creditor of a corporation by legal diligence obtains a lien upon its estate, real or personal, by judgment or by levy of execution thereon, such creditor cannot be deprived of the preference he has obtained by a dissolution of the corporation. In *Lindell* v. *Benton*, 6 Misso., 361, it was held that legal proceedings against a corporation are not affected by the expiration of its charter. In *Hays* v. *Lycoming Fire Ins. Co.*, 99 Penn. St., 621, it was held that an attachment issued by the plaintiff was not dissolved by the subsequent dissolution of the corporation, and this case was cited with marked approval by Justice BRAD-LEY in *In re Glen Iron Works*, 20 Fed. Rep., 674. In this case the attachment was made by garnishee process, and it

is difficult to distinguish this proceeding from an action of
debt on judgment. It is, therefore, submitted that the at-
tachment in question constituted a valid lien on the prop-
erty of the defendant, and that the suit was not abated or
the attachment vacated by the subsequent dissolution of the
corporation.

3. Even if the dissolution of the defendant corporation
presents a technical objection to the further prosecution of
the suit without the consent of the court appointing the re-
ceivers, we claim that the attachment created a lien under
our law which was not affected by the dissolution and which
our courts will protect, and that the plaintiff has the right
to insist that the court in whose custody the property now is
shall recognize the lien and give the plaintiff the benefit of
it, either in the equitable distribution of the assets of the
corporation, or by allowing the plaintiff to proceed to judg-
ment and execution in the pending suit, in its discretion.
We submit that an attachment lien once acquired in this
state cannot be defeated by any subsequent act of the debtor,
or, when the debtor happens to be a corporation, because it
surrenders its charter voluntarily, or because it allows its
affairs to get into such a condition as, under our statutes,
authorizes a court to decree its civil death.

*J. R. Buck*, for the receivers, cited—*National Bank* v.
*Colby*, 21 Wallace, 609; *Relfe* v. *Randle*, 103 U. S. R., 222;
*Greeley* v. *Smith*, 3 Story, 658; *Weingartner* v. *Charter Oak
Life Ins. Co.*, 32 Fed. Reporter, 314; *Mumma* v. *Potomac
Co.*, 8 Pet., 281; *Atlas Bank* v. *Nahant Bank*, 23 Pick., 480;
*Hubbard* v. *Hamilton Bank*, 7 Met., 340; *Merrill* v. *Suffolk
Bank*, 31 Maine, 57; *Read* v. *Frankfort Bank*, 23 id., 318;
*McCullock* v. *Norwood*, 58 N. York, 562; *Ingraham* v. *Terry*,
11 Humph., 572; *Paschall* v. *Whitsett*, 11 Ala. N. S., 479;
*Green* v. *Barker*, 14 Conn., 431; *Pahquioque Bank* v. *Bank of
Bethel*, 36 id., 328; Drake on Attachments, 435; Ang. &
Ames on Corp., § 638; High on Receivers, § 348; Beach
on Receivers, §§ 707, 708.

BEARDSLEY, J. This is an action by complainant dated

the 22d day of August, 1887, to recover a sum due upon a policy of life insurance issued by the defendant company.

The suit was commenced by attachment of the defendant's property. John R. Buck and Loren A. Cooke, Esqrs., receivers of the defendant company, appeared and pleaded in abatement of the suit in substance as follows:—That upon the petition of the insurance commissioner of the state, dated November 30th, 1887, praying for the appointment of a receiver of the defendant company, and that its charter might be annulled, they were on the 23d day of December, 1887, appointed receivers of the company, and that on the same day its charter was annulled; and praying that the suit might be dismissed and the lien created by the attachment declared vacated and set aside.

The plaintiff demurred to the plea upon the following grounds :—

1. The attachment made in this suit of the property of the defendant was made more than sixty days prior to the appointment of the receivers and the commencement of the proceedings under which they were appointed, and is therefore a valid and subsisting lien against the receivers upon the attached property, and to enforce said lien it may be necessary for the plaintiff to proceed to a judgment and execution in this action.

2. To dismiss this action for the reasons suggested by the receivers would deprive the plaintiff of the benefit of the lien which she has upon the property attached herein.

3. The plaintiff has the right, notwithstanding the appointment of the receivers, to proceed to a judgment in this suit against the defendant, and to take out and levy an execution to satisfy the judgment on the property herein attached.

4. If the lien created by the attachment in this suit is still a subsisting lien upon the property as against the receivers, the plaintiff has the right to keep the lien alive and to enforce it by proceeding to a judgment and execution in this action, or by having the action continued until such time as

the receivers shall remove the lien by satisfying the plaintiff's claim.

The statute under which the proceeding referred to was instituted provides, in substance, that if it shall appear to the insurance commissioner that the assets of any life insurance company are less than three fourths of its liabilities, he shall bring his petition to the Superior Court, if in session, and if not, to any judge of the Supreme Court of Errors, praying for the appointment of a receiver, and that the charter of the company may be annulled; and if it shall be found upon the hearing of such petition that the assets of the company are less than its liabilities, the court or judge may, and if it shall be found that the assets are less than three fourths of its liabilities, shall, appoint a receiver or receivers of the company, and annul the charter and decree the dissolution of the company. Gen Statutes, § 2869. In the present case a decree annulling the charter of the company was made by a judge of the Supreme Court of Errors.

It will hardly be questioned that at common law "the absolute and unqualified dissolution of a corporation by a decree of forfeiture or legislative repeal extinguishes all debts to or from it, and puts an end to all its rights of action and property, and it can no longer sue or be sued or do any lawful act." Such is the language of this court in the case of *Pahquioque Bank* v. *Bethel Bank*, 36 Conn., 334.

But the plaintiff claims that the case is rescued from the operation of this rule, and survives the dissolution of the defendant corporation, by force of the following statute:— "Receivers of corporations appointed by judicial authority shall have * * * power in their own names, or in its name, to commence and prosecute suits for and on behalf of said corporation, to defend all suits brought against it or them * * * ; and to do and execute in its name, or in their names as such receivers, all other acts or things which shall be necessary or proper in the execution of their trust, and shall have all the powers for any such purpose possessed by the corporation." Gen. Statutes, § 1322. The plaintiff's argument is, that this statute is a legislative recognition of the

capacity of the corporation to sue and be sued notwithstanding the decree of its dissolution, and therefore that to that extent it limits and modifies that decree. We do not think that this statute affords any foundation for the plaintiff's claim. The act under which the proceedings against this corporation were instituted was passed in 1875. Prior to that time and while the statute which we have just quoted was in force, the only provision for the dissolution of corporations by judicial decree related solely to banks and insurance companies. That provision was that the Superior Court or a judge of the Supreme Court of Errors in vacation should, for certain specified causes, appoint a receiver or receivers of such companies, and might, at a subsequent term of the court, upon a full hearing of all the parties, annul the charter of the company. Rev. Statutes, 1875, p. 288. By the act of 1875, which is applicable to life insurance companies only, and under which the defendant company was proceeded against, the appointment of receivers and the dissolution of the corporation may be simultaneous, and were so in the present case, but the construction to be given to the statute in question was not thereby varied. There is no legal connection between the appointment of receivers and the dissolution of the corporation. The appointment of receivers does not affect the life of the company, nor the status of suits pending against it, nor liens acquired by attachment of its property, except that it is provided that in a certain event attachment liens upon the property of banks shall be dissolved upon the appointment of receivers. Gen. Statutes, § 1831.

While a corporation exists, and is in the hands of a receiver, it is liable to be sued, and the receiver is liable to be sued, both before and after its dissolution, upon claims made upon the assets in his hands. The authority given by the statute to the receiver to appear and answer in such cases, fully satisfies its language and apparent intent, leaving no occasion for an inference that it contemplated suits to be brought against a corporation after its dissolution.

The provision in the same statute, giving the receiver an

election to sue and do other acts in his own name or the name of the corporation, does not, so far as the right to sue in the name of the corporation is concerned, apply to those which have gone out of existence, and hence does not apply to this case.

Doubtless the legislature might arbitrarily provide that a suit might be brought in the name of a defunct corporation or a deceased individual, but it is improbable that it would do so, especially in a case where no reason existed for such a provision. If it should do so, the corporation would not thereby be necessarily revived.

But the object of the statute is apparent. Its language as before quoted is, the receiver "shall have all the powers for any of said purposes possessed by said corporation." A receiver of a corporation is not by virtue of his appointment invested with the legal title to its assets, and at common law must sue in its name during its existence.

The whole intent of the statute manifestly is to enable the receiver to act in his own name in cases where but for it he must have acted in the name of the corporation.

If the legislature had intended to provide for the survival of actions pending against corporations at the time of their dissolution, they would have undoubtedly done so in positive and distinct terms.

The fact stated as one of the grounds of demurrer to the plea, that the attachment lien was created more than sixty days before the commencement of the proceedings by the insurance commissioner, is immaterial.

Judgment is advised for the defendant.

In this opinion the other judges concurred.