ALONZO R. MORGAN *vs.* THE NEW YORK NATIONAL BUILD-
ING AND LOAN ASSOCIATION.

Third Judicial District, New Haven, June Term, 1900.
ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

The unqualified dissolution of a corporation puts an end to suits then pending against it and vacates attachments of the corporate property made therein. This is true of both foreign and domestic corporations.

The State which grants a corporate franchise has exclusive and supreme power to withdraw it, whatever may be the effect of its so doing on property rights which may have been acquired under the laws of other governments.

Chapter 96 of the Public Acts of 1895, p. 491, provides that the commencement of proceedings for the appointment of a receiver of a corporation shall dissolve all attachments of its property made within sixty days next preceding. *Held* that this statute applied to attachments of real estate in proceedings begun in the Federal as well as in the State courts.

Receivers of a New York corporation which has been dissolved by judicial decree in that State may enter a special appearance in an action pending against the corporation in this State, for the purpose of procuring an order dismissing the suit and vacating the attachment.

The dissolution of a corporation, like the death of a natural person, is the proper subject of a suggestion on the record, and the orderly way of taking advantage of it is by motion.

Argued June 13th—decided July 13th, 1900.

ACTION upon the so-called common counts, brought to the Superior Court in New Haven County and reserved by that court, *George W. Wheeler, J.,* upon the plaintiff's demurrer to a plea in abatement filed by the receivers of the defendant, for the consideration and advice of this court. *Superior Court advised to overrule the demurrer.*

The defendant was a New York corporation organized under Chap. 122 of the Laws of 1851, and certain real estate was attached, as its property, on June 27th, 1899. The plea in abatement set up the dissolution of the corporation, pending the action, and asked that the attachment might be vacated.

On July 27th, 1899, in a suit by the people of the State of New York against the corporation, in the Supreme Court of that State, praying for its dissolution, temporary receivers were appointed; and on July 31st, in a suit by a stockholder and creditor of the corporation against it, brought in the United States Circuit Court for the District of Connecticut, the same persons were appointed ancillary receivers, and it was ordered that the defendant be enjoined from disposing of any of its property except by transferring it to them.

The persons named as receivers qualified as such under each of these decrees, and the corporation thereupon conveyed to them the real estate attached.

On December 9th, the same persons were, by a decree of the Supreme Court of New York, appointed permanent receivers, and the corporation was dissolved, and its corporate rights, privileges and franchises forfeited. The receivers also qualified under this decree. On March 9th, 1900, they applied to the Superior Court for leave to enter a special appearance in this action, for the purpose of pleading in abatement and procuring an order vacating the attachment. The plaintiff opposed this application, claiming that they ought not to be allowed to appear, unless generally; but it was granted (*George W. Wheeler, J.*).

They then entered such a special appearance and pleaded the facts above stated as to the proceedings in the other courts, asking that (1) the suit abate and (2) the attachment lien be vacated. A demurrer to the plea and also to the claims for judgment having been filed, the case was reserved for the advice of this court.

*Henry G. Newton* and *Harrison Hewitt*, for the plaintiff.

*Edward H. Rogers*, for the receivers of the defendant.

BALDWIN, J. An attachment of property on mesne process is a mode of obtaining security for the satisfaction of any judgment which the plaintiff may finally recover. In the case at bar the plaintiff can never recover judgment on his

demand. His suit is *in personam*, and the defendant was an artificial person, whose existence has been terminated by authority of the same government from which it was originally derived. An attachment in a suit against a natural person is dissolved by his death, notwithstanding the entry by his administrator to defend, and a judgment duly rendered against the latter. *Green* v. *Barker*, 14 Conn. 431, 432, 435. The same principle governs the disposition of attachments, where the defendant is an artificial person which is dissolved pending the action. *Wilcox* v. *Continental Life Ins. Co.*, 56 Conn. 468, 476; *National Bank* v. *Colby*, 21 Wall. 609, 615. An attaching creditor must stand upon his legal right. He claims a preference over other creditors, and he can only obtain it by complying with the statutory conditions. One of these is his recovery of a final judgment against the party whose property he subjected to the lien, and another is an attempt to collect it on execution from the judgment debtor. There can be no judgment or execution against the dead. *Flynn* v. *Morgan*, 55 Conn. 130, 138; *Mumma* v. *Potomac Co.*, 8 Pet. 281, 287. This is true alike as respects domestic and foreign corporations.

The capacity of suing and being sued is possessed by corporations only by law; by foreign corporations, only because of their existence by force of foreign law. If there is no such law, there is no such capacity. The State which grants a corporate franchise has exclusive and supreme power to withdraw it, whatever may be the effect of its so doing on property rights which may have been acquired under the laws of other governments. *Hart* v. *Boston, H. & E. R. Co.*, 40 Conn. 524, 539.

The laws of New York provide that, if a corporation be dissolved pending an action against it, the court may, on application, make an order in such action for its continuance. This is a statute affecting judicial procedure in actions pending in another State. No order of such a nature has been made by the Superior Court in this action, and none could have been. The decree of dissolution pronounced by the Supreme Court of New York was unqualified. It is entitled,

under the laws of the United States, to the same effect here which it has there, and it is settled by judicial decision in New York that its statute as to continuances does not, in the absence of any order of court, avail to prolong the existence of the corporation. *McCulloch* v. *Norwood*, 58 N. Y. 562; *Marstaller* v. *Mills*, 143 id. 398, 38 Northeastern Rep. 370.

But the attachment could have been dissolved, although the corporation had not been. By the Public Acts of 1895, p. 491, Chap. 96, it is provided that "the commencement of proceedings for the appointment of a receiver of a corporation or a copartnership shall dissolve all attachments and all levies of executions, not completed, made within sixty days next preceding, on the property of such corporation or copartnership; . . . but the attaching or levying creditors shall be allowed the amount of their legal costs, accruing before the time of the appointment of a receiver, as a preferred claim against the estate of said corporation or copartnership, if their respective claims upon which the attachments are founded shall, in whole or part, be allowed."

The mischief which this statute was intended to prevent would not be met, were it construed as applicable to suits brought in this State for the appointment of a receiver only when the suits are commenced in the State as distinguished from the Federal courts. Those of the State and of the United States form, for many purposes, parts of one judicial system, and sit, side by side, "as courts of the same country, having jurisdiction partly different and partly concurrent." *Claflin* v. *Houseman*, 93 U. S. 130, 137. Attachments are made on process returnable to the courts of the United States sitting in the district of Connecticut, only in accordance with the laws of the State, and they are likewise dissolved whenever by the laws of the State they would be dissolved, had they been made under writs returnable before a court of the State. U. S. Rev. Stat. §§ 915, 933. As Congress may give to a State court, in some cases, power to administer rights arising under the laws of the United States, so may a State, in some cases, give power to administer rights arising under its own

laws to the courts of the United States. *Reagan* v. *Farmers' L. & T. Co.*, 154 U. S. 362, 391. The State, by the law now in question, has declared that any attachments of property of a corporation made under its laws, shall be dissolved, if, within sixty days, proceedings are commenced for the appointment of a receiver. It is not provided that this shall only apply to receivership proceedings in the State courts, nor can such a limitation be implied, when to do so would be to open a door for evading in many cases, and those among the most important, the main purpose which the legislature had in view.

It is urged that to give the statute this construction is to hold that the State can prescribe rules for the United States as to the allowance of costs to the attaching creditor. It may be that such a power exists, under the equity of the Acts of Congress as to attachments pursuant to the State laws, to which reference has been made. But whether it exists or not, the State can lay down rules to regulate the transmission of title to real estate within its limits, so far as affected by attachments under process issued by its own magistrates. It has done this by declaring that such attachments in certain causes shall be dissolved by receivership proceedings, but that the levying creditor shall be secured his costs, as a preferred claim. The statute is an entirety. It dissolves the attachment only to create a new and less extended privilege in favor of the creditor. If the case be one in which he can recover judgment, and then his claim for costs be presented as entitled to a preference before a court of the United States having jurisdiction of the administration of the assets of the corporation, it is to be presumed that it would be recognized as a proper equitable charge. The statute is not one prescribing a remedy so much as giving a right.

The receivers were properly admitted to appear specially for the purpose of procuring an order dismissing the suit and vacating the attachment. It is their duty to endeavor to rid the assets of the corporation of all liens to which they are not properly subject, and to waive no rights of general creditors. It would have been unreasonable to require them to

submit for all purposes to a jurisdiction, the existence of which, as to any further proceedings upon the merits, they denied.

The Superior Court was the first to fix its grasp upon this land, but it was only for the special and limited purpose of securing the plaintiff, should he recover a final judgment. The Circuit Court of the United States laid hold of it afterwards, but it was the first to seize it as a trust fund to be administered for the benefit of all the creditors of the defendant, according to the principles of equity. The question before us is not whether the citizens of Connecticut shall be forced to sue in foreign courts when there is property here out of which they can be satisfied. This property has been taken into the custody of the law by the Circuit Court for the district of Connecticut. To that they can resort to prove their claims, and it is, as to this State and this controversy, to be regarded as a domestic court. *Livingston's Lessee* v. *Moore*, 7 Pet. 469, 542.

The form in which the receivers have stated their case is technically incorrect. What they really ask is not an adjudication that the suit shall abate, but an adjudication that it was abated before their appearance, by the dissolution of the corporation. That event, like the death of a natural person, is the proper subject of a suggestion on the record, and the orderly mode of taking advantage of it is by motion. The plea is in effect such a motion, and should be so treated.

The Superior Court is advised that the receivers were properly admitted to appear specially; that their so-called plea in abatement should be treated as a motion for an order erasing the cause from the docket, and declaring the attachment dissolved; and that the demurrer to it should be overruled.

No costs will be taxed in this court.

In this opinion the other judges concurred.