WILLIAM B. COIT vs. MATHILDE VON ELLERT SISTARE
ET ALS.

Second Judicial District, Norwich, April Term, 1912.
PRENTICE, THAYER, RORABACK, WHEELER and HOLCOMB, Js.

February 19th, 1907, M. S., plaintiff in a prior action, secured judgment against H. R. S. in the Superior Court, which was reversed by this court and judgment in favor of H. R. S., the defendant, entered in the Superior Court pursuant to mandate. This judgment of reversal was reversed by the Supreme Court of the United States on writ of error, and on July 19th, 1910, pursuant to the mandate of that court, judgment for M. S., the plaintiff, was entered in the Superior Court. During the pendency of the writ of error H. R. S., the defendant, died, and S., who was his executrix, and to whom he had assigned a fund held by C. as his trustee, which had been attached by process of foreign attachment at the institution of the action, was made a party defendant therein. *Held* that the judgment rendered on February 19th, 1907, was the final judgment, the erroneous proceedings subsequent to its entry being a nullity. The death of H. R. S., the original defendant, having occurred subsequent to the final judgment, did not abate either the action or the attachment lien; for execution after stay was released might properly have issued against his goods and estate under attachment, although in the hands of his executrix.
Whether, in view of the ample protection afforded a garnishee by §§ 931 and 937 of the General Statutes on *scire facias* proceedings, it is

proper for him to bring an action of interpleader where others than the attaching creditor, whose claim has gone to final judgment, are made claimants to the fund held by the garnishee, *quære.*

Argued May 3d—decided July 19th, 1912.

INTERPLEADER to determine to whom a fund now held by the plaintiff and claimed by each of the defendants shall be paid, brought to and tried by the Superior Court in New London County, *Reed, J.;* facts found and judgment rendered for the defendant Mathilde Von Ellert Sistare, and appeal by the other defendants. *No error.*

*Perry J. Hollandersky,* for the plaintiff.

*William J. Brennan,* for the defendants Julia L. Sistare individually and as executrix of the estate of Horace Randall Sistare *et als.,* appellants.

*Benjamin Slade,* for the defendant Mathilde Von Ellert Sistare, appellee.

THAYER, J.  In 1904 Mathilde Von Ellert Sistare brought an action in the Superior Court against Horace Randall Sistare.  On February 19th, 1907, judgment was rendered in her favor.  The defendant took an appeal from that judgment to this court.  On June 5th, 1907, this court rendered judgment reversing the judgment of the Superior Court, and pursuant to the mandate of this court the Superior Court, on June 21st, 1907, entered a judgment for the defendant.  The plaintiff, on June 13th, 1907, by a writ of error from this court, took the case to the Supreme Court of the United States.  In June, 1910, that court rendered a judgment reversing the judgment of this court, and pursuant to its mandate the Superior Court, on July 19th, 1910, Julia L. Sistare having been made party defendant therein, entered judgment for the plaintiff.

Coit *v.* Sistare.

The action was commenced by process of foreign attachment, and a fund of $4,100, held by the present plaintiff as trustee for the defendant, was thereby attached. After the original·judgment in the Superior Court and before the judgment of this court reversing it had been rendered, the defendant, Horace Randall Sistare, assigned to his attorneys, Messrs. Brandegee, Noyes, and Brennan, so much of the attached fund as should be sufficient to pay them for their services and disbursements, rendered and to be rendered in that suit. While the writ of error was pending in the Supreme Court of the United States, he assigned all his interest in the fund to Julia L. Sistare. Afterward, during the pendency of the writ of error, he died, and said Julia L. Sistare was made party defendant therein. The original judgment in favor of Mathilde Von Ellert Sistare exceeded the amount of the fund in dispute.

Demand has been made on the present plaintiff, William B. Coit, as garnishee on the execution issued by the Superior Court in that action. He has brought this action in the nature of an interpleader, making said Mathilde Von Ellert Sistare, Messrs. Brandegee, Noyes and Brennan, and Julia L. Sistare, individually and as executrix of the will of Horace Randall Sistare, parties defendant, stating the above facts, which are admitted by the interpleading defendants, and asking judgment as to which of them is entitled to the fund. The Superior Court, upon motion, rendered judgment upon the pleadings in favor of the defendant Mathilde Von Ellert Sistare.

No question has been raised as to the propriety of proceeding in this manner by way of interpleader. But §§ 931 and 937 of the General Statutes make provision for cases of this character, and seem to afford ample protection to the garnishee, allowing him, upon a writ of *scire facias* brought against him after judgment in the

principal case, to notify any claimants of the fund attached that such *scire facias* is pending, and to appear, if they see cause, and defend against it, and making any judgment given against him on such *scire facias* a bar to any claim against him by such claimants. As the questions between the parties are fairly presented by the process adopted, and may be disposed of unembarrassed by some technical questions which might arise upon a writ of *scire facias*, we consider them, without determining whether the proceeding was properly brought.

The sole question in the case is whether the attachment was dissolved by the death of Horace Randall Sistare. In the Superior Court the case was made to turn upon the question of the date of the judgment in the original action. The present appellants claimed before that court, as they have before this, that the final judgment was rendered on July 19th, 1910, and the appellee claimed that it was rendered on February 19th, 1907. Between those two dates Horace Randall Sistare died. No question was raised that, if the final judgment was rendered before his death, that the attachment remained good, and the garnishee holden to pay over the fund on the execution. If he died before the judgment was rendered, it was agreed that the attachment was dissolved, upon the authority of *Green* v. *Barker*, 14 Conn. 431, 435, and *Morgan* v. *New York National B. & L. Asso.*, 73 Conn. 151, 153, 46 Atl. 877.

The court correctly held that the judgment of February 19th, 1907, was the final judgment. That judgment was reversed by this court, and a judgment in favor of the defendant entered in the Superior Court pursuant to our mandate; but that judgment of reversal was reversed. The effect of this was to leave the parties where they stood before the first reversal. Freeman on Judgments (3d Ed.) § 481, and cases cited; *Ragan* v. *Cuyler*, 24 Ga. 397, 400. The reversals being upon a

ground decisive of the case, the original judgment in favor of the plaintiff stands as the final judgment. The erroneous proceedings subsequent to its entry are as if they had never been. We need not, in this proceeding, inquire whether the Superior Court correctly pursued our final mandate.

The action having terminated in a judgment for the plaintiff prior to the defendant's death, was not abated by that event. While an execution could not issue against the dead man after the stay was released, his executrix having entered in the action execution might properly issue against his goods and estate in her hands. *Green* v. *Barker*, 14 Conn. 431, 435. The plaintiff had sixty days after the stay was released within which to make demand upon the garnishee, and the allegations of the complaint show that demand was made upon him within that time. The statute continued the attachment lien upon the property for sixty days, for that purpose. The original purpose of an attachment was not to secure the satisfaction of a judgment in favor of the plaintiff, should one be obtained, but to secure the appearance of the defendant. *Barber* v. *Morgan*, 84 Conn. 618, 622, 80 Atl. 791. By an extension of the principle, the property attached continues in the custody of the law until final judgment. *Beardsley* v. *Beecher*, 47 Conn. 408, 414. Our statutes have never specifically given the attaching creditor a lien upon the attached property by virtue of the attachment. They have, however, treated the attachment as a lien, in cases of the defendant's insolvency, by providing that insolvency proceedings shall dissolve all attachments made within sixty days before the insolvency proceedings were commenced, and providing that the lien created by the attachment shall revive, if the attached property shall be taken from the trustee in insolvency, or the trust terminated by order of the court.

Coit *v.* Sistare.

General Statutes, § 279. A similar provision is made in the case of receiverships. General Statutes, § 1053. In such cases the action is not abated or terminated, but may be pursued to final judgment. The attachment simply is dissolved, unless it was made sixty days before the insolvency proceedings were begun. The statutes, in §§ 896, 939, and 941, speak of the attachment as a lien. Attachments on original process are now allowed in all cases, and the property attached and in the custody of the law is considered as security for the satisfaction of the plaintiff's judgment, should he obtain one. *Morgan* v. *New York National B. & L. Asso.,* 73 Conn. 151, 152, 46 Atl. 877. Every attachment takes precedence over any subsequent attachment, or assignment of the attached property, and is perfected by a timely issue and levy of execution upon the property attached. The death of the defendant abated the action at common law, and the attachment fell with it and was dissolved. In many of the States, statutes providing for the survival of the action provide, also, for the survival of the attachment lien. Where this has not been done, it is generally held, as it has been in this State, that the attachment does not survive. But the death of the defendant cannot abate the action already gone into final judgment. In such cases the attachment lien is not abated by the defendant's death. *Grosvenor* v. *Gold,* 9 Mass. 209, 210; *Bowman* v. *Stark,* 6 N. H. 459, 461; *Waitt* v. *Thompson,* 43 N. H. 161, 163; *Miller* v. *Williams,* 30 Vt. 386, 389; *Fitch* v. *Ross,* 4 Serg. & Raw. (Pa.) 557, 563. The demand upon the plaintiff fixed his liability, and he should pay the fund to the original plaintiff in the original action, as directed by the Superior Court.

There is no error.

In this opinion the other judges concurred.