ASSOCIATES DISCOUNT CORPORATION v.
EDWARDS MOTORS, INC., ET AL.

COURT OF COMMON PLEAS    FAIRFIELD COUNTY    FILE No. 47738

Memorandum filed January 18, 1949.

*Charles Weingarten,* of Bridgeport, for the Plaintiff.

*David Lessler,* of Bridgeport, for the Defendants.

DEVLIN, J.  On February 4, 1947, the Edwards Motor, Inc., borrowed $16,328 from the plaintiff and gave as security a chattel mortgage covering a number of automobiles, including one 1942 Chrysler four-door Sedan, Engine No. C 3610140. The mortgage was executed and recorded in the town clerk's office in the city of Bridgeport on February 5 but was not witnessed as required by the statute.

The Edwards Motors, Inc., owed defendant National Credit System, Inc., a considerable amount of money, and on May 20, 1947, the latter instituted suit for $25,000 and attached the car in question in addition to other property.  When the sheriff made this attachment he was told the car was mortgaged to the plaintiff, and he so indicated this fact upon his return.  A keeper

was placed over the property, and subsequently at the suggestion of counsel for the National Credit System, Inc., one George Estok, who was an employee of Edwards Motors, Inc., was placed in charge.

By bill of sale dated May 24, 1947, Edwards Motors, Inc., transferred its assets, both real and personal, located at 770 State Street, Bridgeport, including the car under attachment, to the National Credit System, Inc. The purpose of obtaining the bill of sale was to permit the latter to avoid the delay and expense attendant upon prosecuting its claim to judgment and execution and to permit it to sell the personalty and apply the proceeds upon the debt owed. Prior to the attachment and the giving of the bill of sale the National Credit System, Inc., had knowledge of the plaintiff's mortgage on the Chrysler car.

After the giving of the bill of sale, Estok, at the suggestion of counsel for the National Credit System, Inc., removed all cars from the lot where they were being held and returned them after a period of fourteen days. He then offered them for sale, and up to June 28, 1947, had disposed of fifteen cars. Those sold for cash were given bills of sale by the above named company and those financed were handled by the same company. All of the receipts were turned over to counsel for the company, and he paid the operating expenses of the business, turning the surplus over to the same company, where it was deposited in their general fund.

On June 11, 1947, the plaintiff started this suit to foreclose its mortgage on the Chrysler car in question and requested this court to order the car taken into custody, in accordance with the statute, pending the outcome of the case. Before taking the car into custody on June 12 this sheriff contacted the original sheriff in the attachment of May 20 and, being assured that he had been out of the case for several weeks, took the car into his possession. On June 28, 1947 the National Credit System, Inc., sold to one Matthew Katz all of the personal property and fixtures at 770 State Street together with the lease of the real estate. This sale also included the Edwards Company's cars still unsold.

The questions presented are whether the National Credit System, Inc., retained its status as an attaching creditor of the property after the bill of sale of May 24, 1947, and whether it was a bona fide purchaser from Edwards Motors, Inc., of the Chrysler car mortgaged to the plaintiff.

The personal estate of every debtor is liable to be taken on process and held to respond to the judgment that may be rendered against him. This is accomplished, not by permitting it to remain in his possession, but by fastening upon it with a writ of attachment and holding it in the custody of the law. General Statutes (Rev. 1949) §§ 8022, 8023. "It is of the very essence of a lien by attachment, that possession be taken and held; and when this is relinquished, there is a termination of the lien, and the general owner is remitted to his property unencumbered." *Taintor* v. *Williams,* 7 Conn. 271, 273. Certain exceptions are recognized by statute and the procedure is therein outlined. General Statutes (Rev. 1949) §§ 8028, 8031. And the right of the attaching officer to give an "officer's receipt" is also recognized. *Gray* v. *Bracken,* 107 Conn. 300. The property so attached is a mode of obtaining security for the satisfaction of any judgment which the plaintiff may finally recover. *Morgan* v. *New York National Bldg. & Loan Assn.* 73 Conn. 151. "The plaintiff's officer holds the property by virtue of the attachment, for no purpose but to apply it upon the execution, in payment of the judgment which may be recovered, and the costs arising on the levy of the execution." *Green* v. *Barker,* 14 Conn. 431, 434; *Mayers* v. *C. I. T. Corporation,* 132 Conn. 284, 287.

It is not essential that the attaching officer personally keep all the property within his possession or control, for he may secure the services of a keeper. When this is done, however, the keeper is legally the sheriff's servant, bound to hold under him, to preserve and protect the property for him, and to have it forthcoming for the purposes of the attachment suit when required. Any act, however, which deprives the sheriff or the keeper of the possession and control of the property so that it is not within the "custody of the law" operates to defeat or dissolve the attachment.

From the time that Estok took over as keeper until the sale on June 28 he acted not as a representative of the sheriff but as an agent of the National Credit System, Inc. The mere fact that his appointment by the sheriff was certified in writing on May 28 is not sufficient to change this status when consideration is given to the manner in which the business was conducted and where the money was actually deposited.

The claim that the lien of an attachment continues despite the execution of a contract "for the sale of the property (attached) for the benefit of all concerned" cannot be sustained

upon the facts developed here. The money was not to be held out and subsequently applied when judgment was rendered but was comingled with the other funds of the National Credit System, Inc. The rights of other creditors were cut off by the sale and the possibility of securing an attachment on the proceeds was rather remote. The assumption of full ownership of the attached property by the National Credit System, Inc., was inconsistent with further control by the attaching sheriff and the continuance of the attachment lien.

The bill of sale of May 24 operated to transfer the interest of the Edwards Motors, Inc., in the car to the National Credit System, Inc. In view of its knowledge it cannot be said that the latter is a bona fide purchaser for value. "A bona fide purchaser is 'one who has brought property without notice of the claims of third parties thereto, and upon the faith that no such claims exits, and who has therefore actually paid or parted with some valuable consideration, or has in some way altered his legal condition for the worse.' " *Waterman* v. *Buckingham,* 79 Conn. 286, 291.

There is no express provision in the Mortgage and Lien Act, chapter 274 of the 1945 Supplement, relative to the status of a defectively executed chattel mortgage, and no cases bearing upon it since this amendment. In § 902h of the 1945 Supplement, it is stated that the mortgages are to be executed, witnessed and acknowledged as are deeds of land. From the language it might be argued that the statute made the record of mortgages of personalty as much a matter of notice as land mortgages. But whatever the legislative intent, there is nothing to indicate that the status of defective chattel mortgages has been relegated to a less favorable position than under the prior law.

Prior to 1945 a chattel mortgage was valid as between the parties even though defectively executed, and the equities of the mortgagee were superior to those of a purchaser with notice. *Bickart* v. *Sanditz,* 105 Conn. 766; *Hartford-Connecticut Trust Co.* v. *Puritan Laundry, Inc.,* 95 Conn. 172. Thus it does not appear from the 1945 amendment that any change has been made in so far as purchasers with notice are concerned, and the cases relating to the rights of purchasers with notice of defectively executed chattel mortgages and bills of sale are controlling.

Such a purchaser with notice is not to be regarded as a bona fide purchaser but as one taking with the knowledge of pre-existing equities. The National Credit System, Inc., having obtained

this property with such knowledge, it cannot be heard to complain of the legality of the contract between the plaintiff and the named defendant. The equitable principle of estoppel forbids it from questioning the validity of this contract, for to rule otherwise would give to it an unconscionable advantage.

The issues are found for the plaintiff. As the car in question has been sold and the money held pending this decision, counsel will prepare a judgment file to be submitted to the court for approval.