ELIAS FRIEDMAN v. SAUL L. PEIZER, ADMINISTRATOR, ET AL.

SUPERIOR COURT     TOLLAND COUNTY     FILE No. 5501

Memorandum filed April 7, 1949

*Harry H. Lugg,* of Rockville, for the Plaintiff.

*Jay E. Rubinow,* of Manchester, for the Defendants.

ROBERTS, J. The instant action is one to recover a judgment against the defendant estate in which Saul L. Peizer as administrator is also made a defendant. The complaint in three counts seeks judgment on three claims alleged to have accrued during the lifetime of said decedent, which claims were presented to the administrator and disallowed by him. An attachment was made in said action by garnishee process of certain funds owned by said estate. An order to dissolve said garnishment is sought by motion.

A creditor has the right to establish his claim by securing a judgment. He does not have the right to tie up the assets of an estate while the estate is in process of settlement in the Probate Court. It would interfere with the orderly settlement of the estate, and would allow one creditor to have preference over another.

As no levy of execution can be made against an estate in settlement in the Probate Court, so an attachment at the institution of the suit would be useless and of no effect. 1 Cleaveland, Hewitt & Clark, 7 Probate Law & Practice, p. 345; see also *Reconstruction Finance Corporation* v. *Hall,* 5 Conn. Sup. 143, 144.

At death, the law through the instrumentality of the Probate Court takes possession of the estate of the decedent for the purpose of application of the same to the payment of creditors equally, in each class in legal order of precedence. *Flynn* v. *Morgan,* 55 Conn. 130, 139. If the estate is insolvent, the prop-

erty cannot be sold to pay the attaching creditor, because such appropriation would defeat the average; and if the estate is not insolvent, the lien of attachment is unnecessary, because ample security is provided by the bonds of the administrator. *Green* v. *Barker*, 14 Conn. 431, 435; *Coit* v. *Sistare*, 85 Conn. 573, 576.

This action is for a claim against the estate. The remedy of attachment may be invoked against an executor or administrator only in an action to enforce a demand for which he is personally liable. 2 R. C. L. 810. In the absence of statutory permission, attachment or garnishment proceedings will not at the instance of a creditor of a decedent or of a decedent's estate lie against an administrator or an executor to reach property or debts of the decedent prior to a decree of distribution. 4 Am. Jur. 811, 812, and cited cases.

The motion to dissolve the garnishment is granted and an order may enter accordingly.