**KEYSTONE AGENCY, INC., Plaintiff-Appellant,**

v.

**Bobby HERRIN, Defendant-Respondent.**

No. 30184.

Missouri Court of Appeals, Western District.

July 31, 1979.

Steven E. Emke, Jones, McDaniel & Frankum, Kansas City, for plaintiff-appellant.

Edgar S. Carroll, Warrensburg, for defendant-respondent.

Before SOMERVILLE, P. J., and PRITCHARD and MANFORD, JJ.

MANFORD, Judge.

Action on promissory note. Trial court entered judgment for maker of note, concluding failure of holder of note to prove lawful ownership of note and that holder was not real party in interest. Reversed and remanded.

In 1957, respondent purchased a mobile home through Chambers-Dobson Agency (hereinafter referred to as Dobson) of Nebraska. Dobson was then a partnership and later was incorporated under the laws of the state of Nebraska. Appellant purchased the Dobson corporation and incorporated itself under Nebraska law. As part of said purchase, the account of respondent was obtained.

Respondent defaulted on payment. There was no dispute as to the following facts.

Respondent made the original purchase from Dobson. The mobile home was moved to Mississippi, where at a later time upon default, it was repossessed and sold for $900.00. In 1968, appellant secured respondent's signature upon a promissory note for the deficiency balance, the consideration for same being forebearance. Payments were made sporadically upon the note and respondent then defaulted. This action followed.

The record indicates appellant corporation underwent a dissolution, but the record is incomplete as to the times and dates thereof. The controlling law on such dissolution is the Nebraska Business Corporations Act, Neb.Rev.Stat., § 21–2001 to 21–20, 134 (1943). Appellant is a foreign corporation not doing business in Missouri and not subject to the business laws of Missouri. Consult § 351.570(2), RSMo 1978. Also, see *Riley v. Best Truck Lines, Inc.*, 510 S.W.2d 229 (Mo.App.1974) wherein reference is made to 20 C.J.S. Corporations § 1802, p. 22. This section states, " '. . . a corporation's charter and the laws of its domicile govern with respect to the fact and duration of the existence of the corporation . . .' See also *Morgan v. New York Nat. Building & Loan Assn.*, 73 Conn. 151, 46 A. 877, 878 (1900)."

The pertinent sections of the Nebraska Act applicable herein read as follows:

Neb.Rev.Stat., § 21–2085 (1943):

". . . the corporation shall cease to carry on its business [after filing voluntary dissolution with the Secretary of State] except insofar as it may be necessary for the winding up thereof, but its corporate existence shall continue until a certificate of dissolution has been issued by the Secretary of State . . ."

and Neb.Rev.Stat., § 21–2092 (1943):

"Upon filing and recording in the office of the Secretary of State of the original of the articles of dissolution the existence of the corporation shall cease, except for the purpose of suits, other proceedings and appropriate corporate action by shareholders, directors and officers as provided in sections 21–2001 to 21–20,

134." (the whole of Article 20, that is, the Nebraska Business Corporations Act) and Neb.Rev.Stat., § 21–20, 104 (1943):

"The dissolution of a corporation either (1) by the issuance of a certificate of dissolution by the Secretary of State, (2) by a decree of court when the court has not liquidated the assets and business of the corporation as provided in sections 21–2001 to 21–20, 134, or (3) by expiration of its period of duration, shall not take away or impair any remedy available to or against such corporation, its directors, officers, or shareholders, for any right or claim existing, or any liability incurred, prior to such dissolution if action or other proceeding thereon is commenced within two years after the date of such dissolution. Any such action or proceeding by or against the corporation may be prosecuted or defended by the corporation in its corporate name. The shareholders, directors and officers shall have power to take such corporate or other action as shall be appropriate to protect such remedy, right or claim . . . ."

The issue of appellant's corporate standing must be resolved before full determination of the parties' claims and defenses can be concluded. Appellant, through its agent, testified about the details concerning execution of the note, the corporate purchase and transfer of records, collection attempts, default by respondent and the amount allegedly due. Respondent offered no evidence.

The trial court, holding appellant failed to establish it was the lawful owner or possessor of the note, was in error in that such ruling was not supported by the evidence. This, coupled with lack of any defense on this issue, violated § 400.3–307, RSMo 1978, § 400.1–201(20), RSMo 1978 and § 400.3–104, RSMo 1978.

The evidence supports appellant was the proper holder of the note in question, had proper standing to sue and was the real party in interest, provided appellant was a corporation in good standing pursuant to the laws of Nebraska. In absence of proper evidence to answer this question, it was error for the court to enter its form of judgment.

Because disposition of this cause has been made upon other bases, it is not requisite that respondent's contention of a defense upon usury be resolved; however, upon retrial of this cause, the parties are urged to consult the applicable statutory provisions regarding usury in our state and the procedural requirements as to the timely raising of such defense.

Without further reference to other points raised, this cause is reversed and remanded for the reasons set forth herein.

All concur.