SECOND NATIONAL BANK OF PITTSBURGH *vs.* J. C. LAPPE TANNING COMPANY, S. W. CUNNINGHAM, receiver, petitioner.

Suffolk. January 17, 1908. — March 2, 1908.

Present: KNOWLTON, C. J., HAMMOND, LORING, SHELDON, & RUGG, JJ.

*Receiver. Attachment. Words, "Distributed."*

The provision of R. L. c. 167, § 126, that "an attachment of property on mesne process shall be dissolved by the appointment by any court of competent jurisdiction in this Commonwealth of a receiver to take possession of such property," applies to the appointment as ancillary receiver in this Commonwealth of the same person who has been appointed receiver of the property of the debtor by a court of another State, and such an ancillary appointment dissolves all attachments here.

Where an attachment of the property here of a debtor resident in another State has been dissolved under R. L. c. 167, § 126, by the appointment here as ancillary receiver in this Commonwealth of the same person who has been appointed receiver of the property of the debtor by a court of the other State, the creditor whose attachment is dissolved has a right to have the property of the debtor in this Commonwealth distributed in accordance with the provisions of § 127 of the same chapter, which guards the interests of such a creditor, and a petition of the receiver to remit the property of the debtor in his hands in this Commonwealth to himself as receiver in the other State will be dismissed.

BILL IN EQUITY, filed in the Supreme Judicial Court on December 10, 1906, by the Second National Bank of Pittsburgh, a corporation organized under the laws of the United States, having a usual place of business in the city of Pittsburgh in the State

of Pennsylvania, for itself and all other creditors of the J. C. Lappe Tanning Company, a corporation organized under the laws of the State of Pennsylvania, who might desire to become parties, against the last named corporation, alleging that the defendant was insolvent and had assets in this Commonwealth, that S. W. Cunningham of Pittsburgh had been appointed receiver of the property of the corporation by the Court of Common Pleas No. 1 of Allegheny County in the State of Pennsylvania, and praying that some competent person might be appointed ancillary receiver of the property of the defendant in this Commonwealth.

The Supreme Judicial Court appointed S. W. Cunningham of Pittsburgh, already named, such ancillary receiver. On September 10, 1907, the receiver filed a petition for the removal of assets, which is considered in the opinion. An answer to this petition was filed by Albert Bernard, an intervening petitioner, who was an attaching creditor of the J. C. Lappe Tanning Company at the time of the filing of the bill for the appointment of an ancillary receiver.

The case came on to be heard upon the petition of the receiver for the removal of assets, the answer of Albert Bernard thereto, and an agreed statement of facts, before *Sheldon*, J., who reserved it for determination by the full court, such decree to be entered as justice and equity might require.

*J. B. Studley*, for the receiver.

*L. M. Friedman*, for the intervening creditor.

KNOWLTON, C. J. A receiver of the defendant corporation was appointed by a court in Pennsylvania, because of its insolvency. Afterwards the same person was appointed an ancillary receiver in this Commonwealth. At that time one Bernard, who appears as an intervening creditor in the present proceeding, had an attachment which was less than four months old upon certain property of the corporation. The property has been brought into court, subject to all existing liens or claims upon it. The receiver has filed a petition for leave to remit it to himself as receiver in Pennsylvania, and the question is whether it should be so remitted.

Under the law before the enactment of the St. 1898, c. 420, the appointment of a receiver did not affect a previous attach-

ment for a debt, but the attaching creditor retained his security. *Kittredge* v. *Osgood*, 161 Mass. 384. *Merrill* v. *Commonwealth Ins. Co.* 166 Mass. 238, and cases cited. This statute, which now appears as R. L. c. 167, §§ 126 and 127, was passed to compel such attaching creditors to share in the distribution with others, under the receivership which works a dissolution of the attachment. The second section, which is now § 127, above referred to, secures to the attaching creditor either payment of his claim or a certainty of distribution in the proceedings before the court, whereby he will receive his share with others. This section is as follows: " If an attachment has been dissolved in the manner provided in the preceding section, the proceedings for the appointment of a receiver shall not thereafter be dismissed and the receiver discharged until all the assets which have come into his hands as receiver have been fully distributed or the claim upon which the attachment was made has been fully paid and discharged, unless the debtor, before such dismissal, deposits with the officer who made the attachment such amount of money as the court before which such receivership proceedings are pending, after notice to the attaching creditor and a hearing, finds reasonable for the protection of his claim in the action in which the attachment was made. Such money shall be held by the officer in place of the property held under the attachment before its dissolution and shall be disposed of as such property would have been disposed of had the attachment not been dissolved."

The first question arising in the present case is whether the next preceding section applies to an ancillary receiver, so that the attachment was dissolved. We are of opinion that it does. The language is broad, applying to any appointment of a receiver to take possession of the property, by any court of competent jurisdiction in this Commonwealth. There is language implying that a receiver whose duty it will be to distribute the property is meant. It may be that a receiver might be appointed for some other special purpose, to whom the statute would not apply. As to this we give no opinion. But we are of opinion that the ancillary character of the receivership does not take the case out of the statute.

The next question is whether the assets should be remitted

to the receiver in Pennsylvania.  It seems to us that the statute was intended to recognize, to a degree, the preference that a creditor obtains by his diligence in making an attachment, and, while compelling him to share with other creditors who avail themselves of the receivership, it secures to him the right to have the property distributed through the receivership that deprives him of his attachment, unless his debt is otherwise secured under the statute.  The words "fully distributed," used in the statute, are not satisfied by remitting the property to a receiver in another jurisdiction.  If creditors are compelled to go there, there is no certainty that the proceedings will be conducted and the distribution made under laws as favorable to the attaching creditor as the laws of Massachusetts.  The word "distributed" refers to division, apportionment and delivery. 1 Bouvier's Law Dict. 550.  *Thomson* v. *Tracy*, 60 N. Y. 174, 180.  *William Hill Co.* v. *Lawler*, 116 Cal. 359; 361.  *Rogers* v. *Gillett*, 56 Iowa, 266, 268.  A remission of assets to a receiver in another State would not be a distribution of them.

Our statute in regard to the distribution of the assets of deceased non-residents is different in form.  R. L. c. 143, § 2. But even under this last section the discretion of the court will not be exercised by an order to transmit the property to the domiciliary executor or administrator, to the detriment of citizens of Massachusetts.  By the express terms of the section, transmission cannot be made until after the payment of all debts for which such estate is liable in this Commonwealth.

The statute relied on by the intervening creditor precludes us from granting the petition.  If one desires a dissolution of an attachment without any limitation, he can obtain it by an adjudication in bankruptcy.

*Petition dismissed.*