HOWARD GOFF et al.

v.

GOFF ELECTRO PNEUMATIC BRAKE COMPANY.

[Submitted July 8th, 1918.   Determined July 11th, 1918.]

1. The Corporation act, section 96, does not authorize the appointment of a receiver for a foreign corporation which is solvent.

2. This court will not, under its general powers, appoint a receiver for a solvent foreign corporation.   Such relief should be administered in the state of the corporation's domicile.

On bill for receiver.   On hearing at return of order to show cause for appointment of receiver of defendant corporation.

*Mr. Patrick H. Harding,* for the complainant.

*Mr. Norman Grey,* for the defendant.

LEAMING, V. C.

The bill herein is filed by complainants as stockholders and creditors of the Goff Electro Pneumatic Brake Company, a corporation of the State of Delaware, and prays for an injunction restraining that corporation and its officers and agents from exercising any of its privileges or franchises or transacting its business, and for the appointment of a receiver of that corporation.

The bill discloses corporate assets in this jurisdiction and charges not only neglect of duty upon the part of the officers and directors of the corporation, but also wrongful diversion of assets by them, and alleges that the business of the corporation is being conducted at a great loss and greatly prejudicial to the interests of its creditors and stockholders, and that its business cannot be continued with safety to the public and advantage to the stock-

holders. The several averments of the bill are verified by a specific affidavit of one of the complainants.

An order to show cause was issued, without restraint, and at its return an answer was filed by defendant corporation in which practically all of the essential facts on which relief is based are denied; the answer is supported by specific affidavits of verification, and also embodies a counter-claim against complainants, alleging that certain patents belonging to defendant corporation are in the name and under the control of complainants and should be assigned to defendant corporation, and praying for a decree directing the assignment of these patents.

The bill does not allege that defendant company is insolvent. It alleges that its assets are $18,000, of which $10,500 is cash, and its liabilities about $4,000. The allegation of danger of future insolvency is based upon the claim that nothing is being done to promote the interests of the company and no revenues are being received, while its expenses are $250 per month for salaries. The answer discloses as assets cash to the amount of $8,289.38, bills receivable of the nature of quick assets to the amount of $1,791.55, and the patents which were made the basis of the capitalization of the corporation, and denies that it has liabilities to the amount of $4,000; its total expenses are stated as $300 per month, including rent. It accordingly is clear that a condition of insolvency neither exists nor is presently threatened.

In the adjudication of applications for the appointment of receivers of corporations, the court of chancery of this state is required to observe certain well-defined limitations upon the exercise of that power.

The statutory power found in our Corporation act has reference only to corporations which are actually or potentially insolvent. Section 96 of that act subjects foreign corporations doing business in this state to the provisions of the act, so far as they can be applied to foreign corporations; accordingly in the appointment of receivers of foreign corporations that section can only be understood to contemplate insolvent foreign corporations. And, as is pointed out in *Minchin* v. *Second National Bank, 36 N. J. Eq. 436,* there are provisions of the act relating

to insolvent corporations which obviously cannot be applied to insolvent foreign corporations, since the court of chancery of this state cannot prevent a foreign corporation from exercising its franchises in another state. As there stated it can, under our statute, through the medium of a receivership, sequester the property in this state of an insolvent foreign corporation and administer it here for the benefit of creditors and stockholders, but it can do but little more; thus the efficacy of the provisions of section 96 of our Corporation act, so far as it relates to receivers of foreign corporations, is confined to securing to creditors and stockholders, citizens of this state, a just proportion of the property in this state of foreign corporations when insolvent. See, also, *Albert* v. *Clarendon Land Co., 53 N. J. Eq. 623.* Whether under our statute a receiver of an insolvent foreign corporation may be appointed without an adjudication of insolvency first being made in the state of the domicile of the corporation, need not be here considered. See *McDermott* v. *Woodhouse, 87 N. J. Eq. 615.* It follows that any relief that may be herein awarded to complainant must emanate from the general powers of this court.

The recent case of *Morse* v. *Metropolitan Steamship Co., 87 N. J. Eq. 217,* reviews at some length the circumstances which may appropriately call into activity the general powers of a court of equity to appoint a receiver of a solvent domestic corporation. But, as already stated, the present application is for the appointment of a receiver of a solvent corporation of another state and for an injunction restraining the corporation and its officers and directors from exercising any of its privileges or franchises.

It is clear that the measure of relief here sought cannot be properly awarded, even though the verified denials and affirmative averments of the answer be wholly disregarded. Not only is this court unable to enforce a decree of that nature out of this state, but such decree, could it be enforced, would clearly be operative to regulate the management of the internal affairs of a foreign corporation, since it would wholly deny to that corporation the exercise of its corporate functions. *Jackson* v. *Hooper, 76 N. J. Eq. 592, 604.* Nor does it seem that any lesser degree of relief can be here administered in behalf of complainants with

due regard to the rule that a court should not take jurisdiction of the internal affairs of a foreign corporation. Cases are to be found in which peculiar circumstances have been deemed adequate to justify relief against certain proposed acts of solvent foreign corporations within the state where relief has been sought (see *Corry* v. *Barre Granite Co. (Vt.), 101 Atl. Rep. 38,* and cases there cited), but relief of the nature here desired should be administered in the state of the domicile of defendant corporation.

I will advise an order dismissing the order to show cause.