CLEMENT E. ECKRODE

*v.*

ENDURANCE TIRE AND RUBBER CORPORATION
OF NEW YORK et al.

[Submitted February 4th, 1919.　Decided February 15th, 1919.]

1. This court cannot regulate the internal affairs of foreign corporations. What are such internal affairs defined?

2. The mere fact that the complainant is a resident of this state and that the property to which corporate action relates is situate therein, are not in themselves sufficient to justify this court in assuming jurisdiction to regulate the affairs of the corporation.

On motion to dismiss bill, &c.

*Mr. August C. Streitwolf,* for the complainant.

*Messrs. Collins & Corbin* and *Mr. Robert J. Bain,* for the defendants.

FOSTER, V. C.

This bill alleges that complainant is a resident of this state and the owner of five hundred shares of the common stock of the defendant, the Endurance Tire and Rubber Corporation of New York (a New York corporation authorized to do business in this state), transacting such business in the city of New Brunswick.

Complainant files his bill for the benefit of himself and all other stockholders of this corporation, and seeks to have a deed and bill of sale for the corporation's real and personal property in this state, made on December 5th, 1918, by this corporation to the defendant, the Hardman Rubber Corporation (a corporation of the State of Delaware, also authorized to do business in this state), declared illegal and void; and also seeks to have declared illegal and void a certain mortgage of like date, covering the property so transferred and conveyed, made by the Hardman Rubber Corporation to Arthur W. Rinke, as trustee, to secure an issue of bonds amounting to $210,000, claimed to have been given in exchange, or as a consideration for the deed and bill of sale. And the bill also asks for the appointment of a receiver for the Endurance Tire and Rubber Corporation on the allegation that it was unable to meet its obligations and was insolvent at the time of the conveyance and transfer of its property.

The attack upon the sale and transfer of the property rests upon the claim that the action of the Endurance Tire and Rubber Corporation in making the same was *ultra vires,* and this contention is based upon the allegations, (1) that such sale and transfer was not sanctioned by the consent of ninety-five per cent. of the capital stock of the Endurance Tire and Rubber Corporation, as required by section 16 of the Stock Corporation

law of the State of New York (*Con. L. of 1909, ch. 61*), as complainant, who is the owner of more than five per cent. of such capital stock, did not consent to such sale; (2) that notice of the meeting of the stockholders at which the resolution authorizing the sale was adopted was not given as required by sections 16 and 25 of the Stock Corporation law of New York, and (3) that the corporation being unable to meet its obligations could not, under section 66 of this law, transfer any of its property to any of its officers, directors or stockholders　＊　＊　＊　except for the full value of the property paid in cash; but there is no allegation that the Hardman Rubber Corporation comes within this prohibition.

The bill further alleges that the conveyance and transfer includes all the real estate and tangible personal property owned by the Endurance corporation, and that both this real and personal property are located in this state.

Complainant invokes this court's jurisdiction on the ground that he is a resident of the state and that the property in question is located therein; and defendants contend that the court is without jurisdiction as the controversy is between a stockholder and the corporation and its directors, and relates to the internal affairs of a foreign corporation.

Chancellor Runyon, in *Gregory* v. *Railroad Co., 40 N. J. Eq. 38,* remarked that it is obvious that this court cannot regulate the internal affairs of foreign corporations; and in the later case of *Jackson* v. *Hooper et al., 76 N. J. Eq. 592,* the court of errors and appeals hold to the same effect, and adopt the definition of the phrase "internal affairs of a corporation" given in the case of *North State, &c., Mining Co.* v. *Field, 64 Md. 151,* where it was held that—

"When the act complained of affects the complainant solely in his capacity as a member of the corporation, whether it be as stockholder, director, president or other officer, and is the act of the corporation, whether acting in stockholders' meeting or through its agents, the board of directors, then such action is the management of the internal affairs of the corporation, and in case of a foreign corporation our courts will not take jurisdiction."

The bill does not charge the officers or directors of either of the corporations with any fraudulent conduct; and it appears that the corporate acts complained of affect complainant solely in his capacity as a member-stockholder of one of the corporations, and that individually he has no relation to either of them independent of his relationship as a stockholder in the Endurance Tire and Rubber Company. Applying to this situation the definition of the phrase "internal affairs of a corporation," approved in *Jackson* v. *Hooper, supra,* and the tests quoted from *12 Rul. Cas. L.* §§ *20, &c.,* by Vice-Chancellor Lane in *Atwater* v. *Baskerville, 89 N. J. Eq. 121,* it is clear that the mere fact that complainant is a resident of this state, and that the property to which the corporate action relates is situate therein, are not in themselves sufficient to justify this court in assuming jurisdiction.

The allegation of the insolvency of the Endurance Tire and Rubber Company is too general to warrant the appointment of a receiver, assuming this court has the authority to appoint a receiver for a foreign corporation (*Atwater* v. *Baskerville, supra*); and as there are no other facts in the case that will justify the court in assuming jurisdiction, I will advise that the bill be dismissed.