FRANK BROWSKI, APPELLANT, v. DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, RESPONDENT.

Submitted December 9, 1918—Decided March 3, 1919.

Where, in a suit brought under the Federal Employers' Liability act, it is clear from the evidence that if the plaintiff had remained at the place to which he was assigned to work, and where he was told to remain, and had not attempted to go through an obscure passage in the dark, not connected with his work, he would not have met with the mishap, a direction of a verdict for defendant was proper.

On appeal from the Supreme Court.

For the appellant, *Charles W. Broadhurst* (*Charles E. Corbin,* of counsel).

For the respondent, *Frederic B. Scott.*

The opinion of the court was delivered by

KALISCH, J.  The plaintiff in the court below appeals to this court from a judgment entered on a verdict directed for the defendant by the trial judge.

The only · question presented for consideration is whether there was error in this.

The plaintiff's action was brought under the Federal Employers' Liability act.

The facts are these: The plaintiff at the time he was injured was fifty-two years of age, and was in the employ of the railroad company as a laborer on its docks, at Hoboken. He performed whatever manual labor he was directed to do.

At the time he received his hurt he was engaged in helping a gang of men which was at work unloading bags of seed from a boat which was moored to the railroad company's dock, known as pier number four. The unloading was done by trucks which were required to be pushed upon and over boards or gangplanks from the boat to the pier, and the character of the work assigned to the plaintiff was to meet loaded trucks as they came along on the deck from the rear of the boat, and help push them on the boards, which task, described in his own language, "It was hard to get up on these boards, and we had to help push them up." The plaintiff further testified that he was placed on that part of the boat by the checker, and was told by him to remain there. The side of the boat on which the trucks were being propelled appears to have been lighted. The plaintiff says that as he · was on · his way to meet the last truck a fellow came along with a hand truck, so the plaintiff started to get out of the way, but it was hard to pass because there was such a large crowd. He saw a doorway leading into a passage which was

dark, and at the same time saw the lights of burning cigarettes inside, and he entered there proposing, as he says, "To make simply a short cut," when he fell into the engine or boiler room. In the passage, entered by the plaintiff, there was an opening which, by means of a ladder, gave ingress to the boiler or engine room below. It was into this opening that the plaintiff fell.

The negligence averred in the complaint is, in substance, that the defendant by its servants negligently left a hatchway on the boat open, and negligently failed to provide a proper light near or around the hatchway, so as to enable the plaintiff to see that the hatchway was open, and that through such negligence the plaintiff fell into the hatchway and was injured.

Giving to the averment a broad signification it practically charges the master with having failed to use reasonable care to provide the plaintiff, its servant, with a reasonably safe place to work in.

The particular breach of duty alleged against the master is leaving a hatchway open which was not visible to the plaintiff because of the absence of proper lighting.

If the plaintiff produced any testimony or circumstance, no matter how slight, tending to establish the breach of duty alleged, of course, he was entitled to have his cause submitted to the decision of the jury.

A careful examination of the testimony and circumstances fails to show this.

When the case was closed there was no proof that there was any hatchway left open, or that there was any opening on the deck of the boat where the plaintiff was required to do his work, and where he was told to remain. Moreover, it appeared by the plaintiff's own testimony, that he was not injured on the deck of the boat where he was set to work, but that he received his hurt after he left there, and walked into an absolutely dark passage, through an open doorway, for the purpose, as he said, of simply making a short cut to the rear of the boat, and that it was while going through the

passage that he stepped into the opening, which appears to have been the ingress to the boiler or engine room.

The contention of counsel of appellant is, that the defendant was negligent, as a matter of law, in leaving an opening in or near the deck of the boat at a point where there was no light so that the servant could see it and thus avoid it.

Without stopping to consider the soundness of the proposition advanced, and even if we concluded it to be sound, its utter inapplicability to the facts of the present case, in the light of the evidence, is manifest.

The plaintiff's testimony is to the effect that he fell into no hole on the deck, and that he fell into an opening on his way through a passage which he entered by an open doorway, but how far this opening into which the plaintiff stepped was from the deck where he was to do his work does not appear. Besides this, the plaintiff says that he entered the passage to make a short cut to the rear of the boat. He saw that the passage was dark, and took no precaution whatever to see where it led to, or what its construction was. The evidence established the fact that the construction of the passage, with its opening by means of a ladder to the boiler or engine room, was no different in character than what was in general use on all steam lighters.

The cases relied on by counsel of appellant in their brief relate to actions brought by employes against the owners of vessels, and where it appeared that the employes in the very nature of their employment had reason to go to various parts of the vessel, and under such conditions where an employe was injured by reason of an unknown danger to him, it was held, as a matter of course, that the shipowners were guilty of negligence for failure to warn of the danger. It is obvious, therefore, that the legal principle invoked in these cases is not given applicability here, by the conceded facts of the present case.

The defendant discharged its full legal obligation to the plaintiff when it put him to work at a place which was reasonably safe; and it is clear from the evidence that if the plaintiff had remained at the place to which he was assigned,

and where he was told to remain, and had not attempted to deviate from the deck, and go through an obscure passage in the dark, not connected with his work, he would not have met with the mishap.

There was no legal obligation imposed upon the defendant to inspect any other part of the boat than the place where its servants were put to work. If the place selected was reasonably safe, then the defendant has discharged its legal duty in that respect. A wider range of inspection, by the master, might be necessary in a case where the character of the work required the servants to go to other parts of the boat. But that was not the situation here.

As the case stood when the evidence was all in, it was uncontroverted that the defendant had used reasonable care to select a reasonably safe place for its servants to unload the boat, and that the mishap of the plaintiff was the result of his own act, not connected with the requirement of his employment, and, therefore, it appears to us that there was no other proper course for the trial judge to pursue than the one he did, and that was to direct a verdict for the defendant.

The judgment is affirmed, with costs.

MINTURN, J. (dissenting), The question was one of fact, whether it was necessary for plaintiff as he testified, in order to avoid the impending danger of bodily harm from his co-employes, engaged in the general work, to enter the passageway in question, which was open, unlighted and apparently for the general use of employes, who like this plaintiff *ex necessitate* might have to use it as a means of avoiding the personal danger which threatened him, in the ordinary procedure of the work, caused undoubtedly by the meagre width of the way over which they were forced to travel. Whether the defendant should have reasonably anticipated such an untoward result, as a necessary consequence of the cramped situation, and provided the necessary lights to protect its employes, while using it as *via necessitatis,* was a jury question.

See cases cited by the Chancellor in dissenting opinion. *Cronecker* v. *Hall, ante p.* 450.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, BERGEN, KALISCH, BLACK, WHITE, HEPPENHEIMER, JJ.  8.

*For reversal* — THE CHANCELLOR, SWAYZE, MINTURN, WILLIAMS, JJ.  4.