## BURNRITE COAL BRIQUETTE CO. v. RIGGS et al.

(Circuit Court of Appeals, Third Circuit. August 11, 1923. Rehearing Denied October 4, 1923.)

### No. 2977.

1. **Corporations ⟨⟩684—Courts held without jurisdiction to appoint receivers for solvent foreign corporation.**

Under Act N. J. April 21, 1896, § 65 (P. L. p. 298), as amended by Act N. J. 1912 (P. L. p. 535), and section 96 (P. L. 1896, p. 307), relative to appointment of receivers for corporations, New Jersey state courts are without jurisdiction to appoint receivers for solvent foreign corporation.

2. **Courts ⟨⟩363—Jurisdiction of federal court to appoint receivers determined by jurisdiction of state court.**

As under the New Jersey statutes state courts have no jurisdiction to appoint receivers for solvent foreign corporations, jurisdiction of the federal district court is, in that particular, determined by that of the state courts.

Appeal from the District Court of the United States for the District of New Jersey; Charles F. Lynch, Judge.

Suit by Edward G. Riggs against the Burnrite Coal Briquette Company, in which Edward G. Riggs and others were appointed receivers of the defendant company. From the decree appointing receivers, defendant appeals. Remanded, with instructions to dismiss.

G. W. C. McCarter, of Newark, N. J., and J. J. Lynch, of Chattanooga, Tenn., for appellant.

Merritt Lane and Joseph L. Smith, both of Newark, N. J., for appellees.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. The appointment of receivers for a corporation is a matter of grave concern, because it takes its property, and the management thereof, out of the hands of those in whom the law vested it. It follows, therefore, that when a court exercises this power, its warrant so to do must be shown. Such action, over the protest and objection of the company, the District Court of New Jersey took in the appointment of receivers for the Burnrite Coal Briquette Company, a corporation of the state of Delaware, which company that court at the same time found was not insolvent.

[1, 2] Such being the case, the basic and controlling question here involved is: Did the District Court of the United States for the District of New Jersey have jurisdiction to appoint receivers for a solvent foreign corporation? In our opinion, it had not, and the reason for so holding is that the law of New Jersey, as interpreted by its highest tribunal, has given no such power over foreign corporations to its own local courts, and the jurisdiction of the court below was in that particular determined by that of the state courts. Clark v. Smith, 38 U. S. (13 Pet.) 195, 10 L. Ed. 123, and citations in 3 Rose's Notes (Rev. Ed.)

Turning, then, to the statute law of New Jersey and the interpretation

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

thereof by its highest court, we find the act of that state authorizing its courts to appoint receivers for foreign corporations doing business in the state is the law of 1896 (P. L. p. 298) as amended in 1912 (P. L. p. 535), and which, so far as here pertinent, reads (section 65) as follows:

"Whenever any corporation shall become insolvent or shall suspend its ordinary business for want of funds to carry on the same, or if its business has been and is being conducted at a great loss and greatly prejudicial to the interest of its creditors or stockholders, any creditor or stockholder may by petition or bill of complaint setting forth the facts and circumstances, * * * apply to the Court of Chancery for a writ of injunction and the appointment of a receiver or receivers."

And section 96 (P. L. 1896, p. 307), which provides:

"Foreign corporations doing business in this state shall be subject to the provisions of this act, so far as the same can be applied to foreign corporations."

From a study of the New Jersey cases, a list of certain of which is printed in the margin,[1] we are of opinion that in the case of foreign corporations the sine qua non of jurisdiction over them in the state courts to warrant the appointment of receivers is insolvency; and where, as here, the corporation was solvent, the state courts of New Jersey are without jurisdiction to appoint receivers for foreign corporations, even though they might have jurisdiction to name receivers for domestic corporations on the other statutory recited grounds. In other words, these "other statutory grounds" applicable to domestic corporations fall within the prohibition of the quoted statute as not being matters which "can be applied to foreign corporations."

Commenting on the original act, it was said in National Trust Co. v. Miller, 33 N. J. Eq. 155:

"By express provision, foreign corporations, doing business in this state, are made subject to all the provisions of our statute concerning corporations, *so far as the same can be applied to foreign corporations.* Rev. 196, § 103. The legislative design was, unquestionably, to confer upon this court the same powers, in respect to *insolvent corporations*, created by foreign jurisdictions, having property in this state, that it exercised over insolvent domestic corporations, so far, at least, as the exercise of such powers was necessary to the recovery of any assets whether legal or equitable, which should go in discharge of debts."

In Minchin v. Second National Bank, 36 N. J. Eq. 436, it is said:

"Obviously, there are provisions of the act which cannot be applied to such corporations; for example, this court cannot hinder such corporations from exercising their franchises, except as it may enjoin them from exercising them in this state. It can sequester their property here and administer it for the benefit of creditors and stockholders, but it can do but little more."

---

[1] National Trust Co. v. Miller, 33 N. J. Eq. 155 (1881); Minchin v. Second National Bank, 36 N. J. Eq. 436 (1883); Jackson v. Hooper, 76 N. J. Eq. 185, 74 Atl. 130 (1909); Albert v. Clarendon, 53 N. J. Eq. 623, 23 Atl. 8 (1891); Atwater v. Baskerville, 89 N. J. Eq. 121, 104 Atl. 310 (1918), affirmed 90 N. J. Eq. 275, 106 Atl. 369; Clark v. Painted Post Lumber Co., 89 N. J. Eq. 409, 104 Atl. 728 (1918); Eckrode v. Endurance Tire Co., 90 N. J. Eq. 129, 106 Atl. 29 (1919); Goff v. Goff Electro Co., 89 N. J. Eq. 258, 104 Atl. 193.

Substantially and to the same effect are the cases decided since the amendment. In Goff v. Goff Electro Co., 89 N. J. Eq. 258, 104 Atl. 193 (1918), the court, in almost the exact language, followed what was said in Minchin v. Second National Bank, supra. The appellees rely upon Atwater v. Baskerville, 89 N. J. Eq. 121, 104 Atl. 310, decided after the amendment of 1912 and affirmed by the Court of Errors and Appeals 90 N. J. Eq. 275, 106 Atl. 369. In his opinion the Vice Chancellor held generally that under the New Jersey statute a receiver may be appointed for a corporation on the ground of insolvency or on any other statutory ground; but the particular matter decided, and affirmed, was the valid appointment of a receiver, not because the corporation's business was "being conducted at great loss," etc., but on the ground that the corporation was insolvent and that it had fraudulently conveyed its property. We are of opinion that the Atwater decision does not rule this case, where, we may also remark, no question of fraud is involved.

It thus appearing that under the decisions of the highest tribunal of New Jersey, courts of that state had no statutory authority to appoint receivers for a solvent foreign corporation, it follows the United States District Court of New Jersey had no such authority and should have refused to entertain this bill.

This basic jurisdictional question being determinative of the case, it follows that the terms of the order which the court made in a case when the court had no power to make any order, at all, constitute matters to which we need not advert. The case will, therefore, be remanded to the court below, with instructions to dismiss the bill on the ground that the company in question being a solvent foreign corporation, the court below had no jurisdiction to appoint receivers.