## RIGGS v. BURNRITE COAL BRIQUETTE CO.

(District Court, D. New Jersey. January 21, 1924.)

Corporations ⊕684—Corporation held to have waived its right to object to conduct of its business by receivers, though court was without jurisdiction.

Where a foreign corporation entered a general appearance in a suit against it for appointment of receivers, and took no appeal from the order appointing receivers, nor from any subsequent order incidental to the conduct of the business by the receivers, which continued for 20 months, during which they contracted debts but on appeal from a collateral order

⊕ For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the court was *held* without jurisdiction, and directed to dismiss the suit, without further instructions, it will direct an accounting by the receivers and provide for the payment of their indebtedness and compensation from defendant's funds.

In Equity. Suit by Edward G. Riggs against the Burnrite Coal Briquette Company. On application of receivers for instructions.

Merritt Lane and Joseph L. Smith, both of Newark, N. J., for complainant.

McCarter & English, of Newark, N. J. (George W. C. McCarter, of Newark, N. J., of counsel), for defendant.

LYNCH, District Judge. Receivers for the defendant corporation were appointed by this court in May, 1922. Under various orders of this court they have ever since conducted the business of the corporation. They have contracted debts, borrowed money on receivers' certificates, paid taxes, and discharged many other duties incidental to their management and control of that business. The order appointing the receivers was not appealed from. Nor were any of the orders relating to the operation of the business by the receivers questioned by appeal. In this court the point of lack of jurisdiction to make these appointments or orders was never raised or argued.

In December, 1922, this court made an order in certain contempt proceedings, *which was appealed*. Upon the argument thereof in the Circuit Court of Appeals, the question of the jurisdiction of this court to appoint receivers was for the first time raised and argued by counsel —counsel who had not appeared in the cause prior to these contempt proceedings. As a jurisdictional question may be raised at any time, the Circuit Court of Appeals very properly considered that question. It decided that this court had no jurisdiction to appoint receivers of a solvent foreign corporation. 291 Fed. 754. The point raised by appeal was not even referred to. The opinion of the Circuit Court of Appeals, and its mandate, directed this court to dismiss the bill, but both were silent with respect to any terms or conditions of dismissal.

The receivers, who in good faith and under court orders had entered into obligations, thereupon appealed to this court for protection. They insisted that, before the property of the corporation should be taken from them, they should be permitted to account and have provision made for unpaid obligations entered into, fees, allowances, etc. The defendant replied that the mandate of the Circuit Court of Appeals should be promptly carried out by a dismissal of the bill, without accounting or adjustment of any kind, prior to such action. This court, being perplexed, petitioned the Circuit Court of Appeals for further instructions in the premises. The petition, after setting forth facts, concluded as follows:

"I, therefore, as aforesaid, being uninstructed by your honors in the premises, and desirous of fully carrying out the instructions of your honors as given, do ask your honors, if agreeable to your honors, to instruct me, as your honors deem meet, what order or decree I should make, *or whether I should exercise my own judgment upon what order should be made under all of the circumstances.* Respectfully sent up."

The Circuit Court of Appeals received this petition or certificate, considered it, and heard argument of counsel with respect thereto. The response of the court was the following opinion, which has just been rendered:

"Per Curiam. This is a petition seeking direction by this court as to the manner in which its mandate in the above entitled cause should be obeyed. It is in the nature of the proceeding by which, under authority of section 239 of the Judicial Code, this court may certify to the Supreme Court questions or propositions of law concerning which it desires the instruction of that court. The matter came on for hearing without objection to the procedure. Being without authority, statutory or otherwise, to entertain the petition (though feeling keenly the position of the District Court), we are constrained to enter an order of dismissal. Accordingly, the petition is dismissed."

This court will therefore be obliged to exercise its own independent judgment as to the terms and conditions under which the receivers, who have been running the business of the defendant corporation for twenty months, should relinquish possession.

As a general rule, when a court appoints receivers of a corporation without jurisdiction to do so, the costs and expense of such receivership are not chargeable against the corporation, but must be recovered, if at all, from the plaintiff in the suit. That is the general rule, but, like all rules, it has exceptions, and I think the situation presented here is such an exception. The defendant corporation, by general appearance, waived its right to attack the jurisdiction on the ground of diversity of citizenship, and, as it did not appeal, when it could have, from the order appointing receivers and the other orders incidental to the conduct of the business of the corporation, but stood by and saw the receivers borrow money and spend it upon its property, it seems to me that there was an acquiescence by the corporation in all of these proceedings. In other words, this case turns on the acquiescence of the corporation to what was done which takes it out of the general rule disallowing fees and payments of debts, when the bill is dismissed for want of jurisdiction.

Under the circumstances, therefore, this court will order an account and arrange for the payment of debts and allowance of fees, either from the corporation's funds or from funds which the corporation may supply to reimburse the expenditures of the receivers. When this has been done, then the bill will be dismissed.