## RECONSTRUCTION FINANCE CORPORATION
### vs.
### GEORGE E. HALL, ET AL.

Superior Court     New Haven County     File ⚓52030

· Present: Hon. ARTHUR F. ELLS, Judge.

Dennis T. O'Brien, Jr.     Attorney for the Plaintiff.     ·

George E. Hall;
William B. Hall,     Attorneys for the Defendants.

**MEMORANDUM FILED MAY 24, 1937.**

ELLS, J. The plaintiff duly presented its claim to the executors of the estate; it was disallowed; the Probate Court appointed Commissioners to hear and determine the claim; they did so, and allowed it. It thereby became an established claim, as though allowed by the executors in the first instance.

The plaintiff has brought this action to collect the debt while the estate is still in the process of administration in the Probate Court, and has attached funds of the estate.

Clearly the plaintiff has no right to thus tie up the assets of the estate. A creditor has the undoubted right to establish his claim by securing a judgment. (This claim was already established, and no appeal taken). Having secured a judgment, the plaintiff cannot take out execution and seize the estate. The reasons are obvious and numerous. "It would not be proper for the dignity of the Court (of Probate) in whose hands the estate is placed for orderly settlement." **Cleaveland's Probate Law Vol. 1, p. 345.** It would be disadvantageous to the estate to allow creditors to attach the property and cause it to be sold at forced sale rather than in the more favorable manner in which it would probably be disposed of if left in the hands of the legal representatives. **Flynn vs. Morgan, 55 Conn. 130.** The appropriate remedy upon a failure to pay such a judgment is a suit on the bond.

Much of the argument offered in support of retaining the attachment is to the effect that its existence is a method of forcing a settlement of the estate. There are many methods available in the Probate Court.

The motion is granted, and the attachment is dissolved.