[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #120
On December 24, 1990, the plaintiff, Sharon Cartier, filed a two count complaint against the defendants, Stop and Shop Companies, Inc., ("Stop and Shop") and Nabisco Brands, Inc., ("Nabisco").
The plaintiff alleges that while an invitee in a Stop and Shop store in Milford, she was stuck by boxes which fell from a piece of equipment being operated by an employee of Nabisco. Plaintiff seeks compensation for physical injuries, medical expenses, lost wages, and emotional distress.
On June 5, 1991, Stop and Shop filed a two count crossclaim against Nabisco, the first count in common law indemnification, and the second-sounding in contractural indemnification.
On July 15, 1991, Nabisco filed this motion to strike count two of Stop and Shop's crossclaim. While no reasons are stated in the motion, as required by Practice Book 154, the essence of Nabisco's argument is that Stop and Shop has neither included in its allegations the language of the contract that states the terms of indemnification, nor attached a copy of the contract containing such terms.
Stop and Shop maintains that by alleging that Nabisco "agreed" to indemnify it from such claims, they have sufficiently pleaded an action for contractural indemnification.
Both Stop and Shop and Nabisco have filed the appropriate memoranda of law, pursuant to Practice Book 155.
 The purpose of a motion to strike is to "contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Practice Book 152; Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. King v. Board of Education, 195 Conn. 90, 93, 486 A.2d 1111 (1985). The court must construe the facts in the complaint most favorably to the plaintiff. Amodio v. Cunningham, 182 Conn. 80, 82-83, 438 A.2d 6 (1980).
Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170,544 A.2d 1185 (1988).
Moreover, "(the motion to strike) admits all facts well pleaded; it does not admit legal conclusions. . . ." Alarm CT Page 9279 Applications Co. v. Simsbury Fire Co., 179 Conn. 541, 545
___ A.2d ___ (1980).
By merely alleging that an indemnity agreement exists, and not alleging facts such as the contract language stating the indemnification terms, Stop and Shop has plead inadmissible legal conclusions. See, e.g., Stevens Lincoln-Mercury Inc. v. Lauber,5 CSCR 143 (February 5, 1990, Meadow, J.) (where the court held that allegations of contractural indemnification must be supported by the terms of the contract or the contract itself).
Accordingly, the motion to strike the second count of Stop and Shop's crossclaim is granted.
MAIOCCO, J.