In this action plaintiff seeks to recover for personal injuries CT Page 5523 sustained in an automobile accident from Aetna, plaintiff's insurance company, under the "uninsured motorist" coverage provisions of her policy. Plaintiff claims and it is not contested that its claim against Paul's Distributors (Paul's), owner of the truck colliding with plaintiff's car, has been rejected by Paul's insurer on the ground that the truck was being operated by one who stole the truck from Paul's. Aetna now seeks to implead Paul's on the ground that it was negligent in permitting the keys to remain in the truck while the truck was unattended.
In its main brief, Aetna argues that plaintiff is entitled to implead Paul's in order to show that Paul's was negligent and that plaintiff cannot prevail under am uninsured motorist claim if she failed to exhaust her remedies against Paul's. In a subsequent brief, Aetna argues that Paul's is a necessary party in order that the jury might determine its potential negligence.
Neither claim is convincing.
Whether Paul's was negligent or not is not relevant to the claim that plaintiff failed to exhaust her remedies. Under her uninsured motorist coverage, plaintiff claims that she may proceed against Aetna once a claim has been made against the insurer of the other motor vehicle followed by a refusal of that insurer to pay. We agree. General Accident Ins. Co. v. Wheeler,221 Conn. 206 (1992).
To the extent that Aetna believes that a condition precedent has not been met, this claim can be asserted by special defense. Harry v. Eagle Indemnity Co., 108 Conn. 563 (1928).
As to the second claim, the issues posed by the claim of negligence against Paul's based on its leaving a key in the ignition is separate and distinct from the claim made by plaintiff in its uninsured motorist action. The purpose of interpleader would not be served by tying together two entirely separate causes of action. Security Capital Management Inc. v. De Monico, [5 CSCR 547] Superior Court at Stamford (Lewis, J.), 1 Conn. L. Rptr. 735
(1990). The interpleader statute 52-102a C.G.S. has been interpreted as referring to causes of action for indemnity and contribution. Security Capital Management Inc., ibid and cases cited. No claim has been made, nor do the allegations appear to support any claim for indemnification. See Stevens Lincoln Mercury Inc. v. Lauber, [5 CSCR 143] Superior Court at Milford (Meadow. J.)1 Conn. L. Rptr. 260 (1990); Atkinson v. Berloni, 23 Conn. App. 325
(1990). Moreover, no reason has been set forth why Aetna cannot CT Page 5524 proceed against Paul's by way of subrogation to recover any sums paid to plaintiff under its uninsured motorists insurance policy.
Motion to Implead denied.